DAN REX *v.* STATE OF INDIANA.

[No. 3-175A8. Filed October 7, 1976. Rehearing denied December 2, 1976. Transfer denied March 3, 1977.]

*John P. Gemmer,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GARRARD, J.—Appellant Rex was tried by jury and convicted of possessing and delivering a controlled substance. The jury assessed his penalty at imprisonment for ten years. After presentence investigation, the court sentenced Rex accordingly and ordered that the sentence be executed.

The first contention on appeal is that the court erred in not granting a requested change of venue from the county. Although the request was admittedly made more than ten days after Rex entered his plea of not guilty, Rex asserts that his request falls within the proviso of Indiana Rules of Procedure, Criminal, Rule 12, which states:

> "Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and the ruling of the court may be reviewed only for abuse of discretion."

In support of this contention, he relies on *Hanrahan* v. *State* (1968), 251 Ind. 325, 241 N.E.2d 143, wherein our Supreme Court held that under former Rule 1-12 it would constitute an abuse of discretion for the trial court to summarily deny a timely filed, properly verified motion for change of venue which stood totally unrebutted by the prosecution.

The abuse of discretion described in *Hanrahan* is equally applicable under CR. 12 where a defendant is entitled to have his motion considered on the merits. It has no application, however, in this case. Under CR. 12, a defendant is entitled to a ruling on the merits of his motion for a change of venue in either of two situations. The court must consider the merits of the motion if it was filed within ten [10] days after the defendant entered a plea of not guilty (or within five [5] days after the case is set for trial if the trial setting is made less than ten [10] days after the plea was entered). If the motion is not filed within these time limits, the court *must* consider the merits of the motion only if the defendant did not know of the grounds for change early enough to file a timely motion *and* if he supports the motion as required by the above-quoted proviso of CR. 12.

Rex's motion was filed thirty-five days after he entered his plea of not guilty. Although the motion was supported by affidavit, the affidavit made no disclosure specifically alleging when the cause was first discovered or why a timely motion could not have been filed. The grounds for change of venue set forth in the affidavit consist merely of Rex's conclusory "opinion" that because of pre-trial publicity in the press, he could not have a fair trial. No specific news stories, photos, etc. were attached as exhibits. While the affidavit alleged that the effects of the publicity were cumulative and not immediately ascertainable, the affidavit did not specifically identify a single news item, a date of publication, or even the name of a publication which Rex contended carried prejudicial publicity. This falls far short of the proviso's requirement that the movant set forth specifically the facts showing the cause for change and the facts establishing his diligence. Even so, the court heard argument of counsel before making its ruling. There was no error in denying the motion. *Cf. Nelson v. State* (1972), 259 Ind. 339, 287 N.E.2d 336.

It is asserted the court erred in denying a motion to dismiss because Rex was entrapped as a matter of law. In support, Rex argues that the police had no probable cause to suspect him before initiating their plan. *See, Payne v. State* (1976), 168 Ind. App. 394, 343 N.E.2d 325. We need not recount in detail the facts leading to the events of February 24, 1974, which was the date of the offense for which Rex was prosecuted. They include an original report to the police that Rex was the person selling controlled substances in Columbia City and two controlled purchases by police informants prior to the date in question. The court properly determined there was probable cause to suspect that Rex was dealing in controlled substances. In addition, Rex complains that the police informant received pay to compensate for his time and expenses while working as an informant. Such evidence was properly admitted to aid in determining the credibility of the informant, but it did not create an entrapment as a matter of law.[1]

Before trial, the court granted a motion in limine which contained the following:

"1) It is irrelevant and immaterial to the case at bar whether or not:

\* \* \*

d) Any article of any type including but not limited to any proscribed drug [was?] confiscated or obtained in any other way from the defendant or from any premises where the defendant was present prior to February 24, 1974."

1. Rex contends we should adopt the "unconscionable police conduct" standard applied by the majority in *Williamson* v. *U.S.* (5th Cir. 1962), 311 F.2d 441, *cert. den.* 381 U.S. 950. In *Williamson* the court reversed a conviction based upon evidence obtained by an informant. Under an arrangement proposed by government officers, the informant was to receive a specified bounty on each of three particular individuals if they could be convicted of a crime as a result of evidence he might procure against them. The court found this "contingent fee" arrangement constituted a basis for reversal. The facts before us indicate no such arrangement in this case. We need not consider whether under other circumstances the nature of the activity of the government agents might affect the result. *See,* however, the plurality and concurring opinions in *Hampton* v. *U.S.* (1976), 96 St. Ct. 1646.

Rex contends that the court erred in not granting a mistrial when one of the state's witnesses testified that Rex had previously sold him marijuana and offered to sell him "hard drugs." Such testimony was arguably within the purview of the court's order. However, Rex did not object to some of the questions asked. At no time did he suggest that the testimony was violating the order in limine. He did not request an admonishment to the jury, nor did he ever move for mistrial. Under such circumstances, he cannot now complain. *Pettigrew* v. *State* (1975), 165 Ind. App. 390, 332 N.E.2d 795.

Finally, Rex contends that the court committed reversible error in permitting the jury to assess his punishment pursuant to IC 1971, 35-8-2-1 without having the benefit of the presentence investigation report prescribed by IC 1971, 35-4.1-4-9. He asserts that these statutes, when read together, require a bifurcated jury trial to first determine guilt and then punishment. His argument was recently considered and rejected by our Supreme Court in *Pulliam* v. *State* (1976), 264 Ind. 381, 345 N.E.2d 229. Furthermore, as pointed out in the American Bar Association draft, Standards Relating to Sentencing Alternatives, § 1.1, p. 43, even though jury sentencing has come under criticism, the most important sentencing function is whether the defendant will be placed on probation. As Judge Lowdermilk pointed out in *Grzesiowski* v. *State* (1976), 168 Ind. App. 318, 343 N.E.2d 305, even though the jury fixes the term of imprisonment, the court retains the probation assessment and has the benefit of the presentence investigation report before he pronounces sentence.

There being no error, the judgment is affirmed.

Hoffman, J., concurs; Staton, P.J., concurs and files opinion.

### CONCURRING OPINION

STATON, P.J.—I concur. As to the majority's discussion of Rule 12, I do not think that Rex's failure to allege "when the

cause was first discovered" is fatal to his motion. A series of publications could make this requirement meaningless. The prejudicial nature of the publications could be cumulative. A discovery date would be at best arbitrary. Since Rex failed to identify the publications or their dates, there was no error in denying his motion.

NOTE.—Reported at 355 N.E.2d 282.