JOSEPH ZELMER, JR. *v.* STATE OF INDIANA

[No. 3-1276A306. Filed October 2, 1978.]

*Robert L. DeLoney, W. Henry Walker & Associates*, of East Chicago, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Daniel Lee Pflum*, Deputy Attorney General, for appellee.

GARRARD, P.J. — Zelmer was convicted by a jury of possession of heroin. His appeal urges error in (1) refusing him a change of judge; (2) refusing to suppress evidence as illegally obtained; and (3) refusing to permit

him to elect treatment as a drug abuser pursuant to IC 16-13-6.1-1 *et seq.* We affirm.

## I. *Change of Venue*

Criminal Rule 12 provides a right to a change of judge if requested within 10 days after entry of a plea of not guilty. No change was requested by Zelmer within that time period.

The rule also provides for changes at a later time if the applicant first obtains knowledge of a cause for change after the original time limit has expired. However, in such instances the accused must file a personally verified application "specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for change, and why such cause could not have been discovered before by the exercise of due diligence."

However, it has been held to constitute no error for the court to deny a late filed petition without holding a hearing thereon where the petition does not comply with the requirements of the rule. *Meyers v. State* (1977), 266 Ind. 513, 364 N.E.2d 760. *See also Epps v. State* (1977), 267 Ind. 177, 369 N.E.2d 404; *Rex v. State* (1976), 171 Ind.App. 104, 355 N.E.2d 282 (transfer denied).

Here Zelmer's verified application fails to comply with two requirements of the rule since it does not allege that he first learned of the grounds for change after expiration of the ten day period and does not assert why the grounds could not have been discovered earlier in the exercise of due diligence. Indeed it appears that the "grounds" were known by Zelmer throughout since the cause he asserts is that the judge in question was the judge who had accepted his plea in an earlier burglary conviction. The motion was properly denied.

## II. *Motion to Suppress*

Zelmer contends the two capsules of heroin upon which his conviction was based should have been excluded from evidence. He contends they were secured through an unlawful search in violation of his Fourth Amendment rights.

The evidence produced at the suppression hearing most favorable to the state reveals that on November 5, 1975, Zelmer's father filed a

complaint with the Gary police department in which he stated his home had been burglarized and that he believed his son had done it. On the evening of November 14, 1975, a member of the Gary narcotics division spotted Zelmer, whom he knew, standing in the lighted parking lot of a 7-11 store. Zelmer was talking to three others in a car. The officer, knowing of the complaint, radioed to see if a warrant had been issued. Although he was advised that none had been issued, he drove into the lot to talk to Zelmer about the burglary. By this time Zelmer had gotten into his companions' car and they were driving out of the lot. The officer blocked their exit with his car. Zelmer then got out of the car, approached the officer's car, and inquired in a "loud and abusive" manner why the officer was harassing him. The officer testified that because he knew Zelmer had a bad temper and was capable of becoming violent, he had Zelmer lean up against the police car and conducted a weapons search. He proceeded to pat down Zelmer's outer clothing and had reached his ankles when an empty cigarette pack hit the pavement between Zelmer and the police car. The officer testified that the pack had fallen from the direction of Zelmer's upper body. He examined it, discovered two capsules inside, ran a field test and placed Zelmer under arrest.

A police officer need not have probable cause to arrest in order to make an investigatory stop. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Luckett v. State* (1972), 259 Ind. 174, 284 N.E.2d 738; *Bennett v. State* (1977), 174 Ind.App. 663, 369 N.E.2d 949. He need only be in possession of facts sufficient to warrant a man of reasonable caution to believe investigation appropriate. Even though his information is based on hearsay the stop may be valid so long as the information carries sufficient indicia of reliability. *Bennett, supra.*

Here, as in *Bennett*, the stop was not occasioned by a defendant's suspicious conduct in the presence of the officer. Instead, it was occasioned by the officer's knowledge of the reported burglary and his recognition of Zelmer as the man named by the victim as having committed the crime a week earlier. There were reasonable grounds for an investigative stop.

That alone, however, does not authorize a search for weapons. For the weapon search to have been proper it must have been based upon

articulable facts, *Sibron v. New York* (1968), 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, establishing that "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry, supra*, 88 S.Ct. at 1883.

The police officer knew Zelmer from previous encounters and felt him capable of violence. In addition Zelmer approached the officer in an aggressive and hostile manner before the officer even had a chance to get out of his car. We think under the circumstances the officer reasonably believed that his safety might be in danger. His limited outer search was therefore lawful.

Since neither the stop nor the frisk were unlawful, Zelmer's actions discarding the cigarette package were not the product of illegal police action. The package and its contents were therefore admissible. *Kendrick v. State* (1975), 163 Ind.App. 555, 325 N.E.2d 464.

### III.  Drug Abuser Status

Zelmer's final allegation of error concerns the trial court's refusal to allow him to elect treatment as a drug abuser. IC 16-13-6.1-18 provides in part that:

> "If the court has reason to believe that an individual convicted of a crime is a drug abuser or the individual states that he is a drug abuser and the court finds that he is eligible to make the election . . . the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department."

IC 16-13-6.1-16(e) provided that one who is on probation or parole is not eligible to elect treatment as a drug abuser unless the "appropriate parole or probation authority" consents to the election.

At the time of his trial for possession, Zelmer was on probation as the result of his guilty plea to the second degree burglary charge mentioned above. The trial judge acted on the assumption that he was the "appropriate probation authority" since he had accepted the plea and placed Zelmer on probation. The judge stated his reasons for refusing consent as the relevant probation authority. The judge felt Zelmer was not a drug abuser, but rather sought treatment as a desirable alternative to imprisonment. He referred to Zelmer's denials to him that he was

a drug abuser, and his initial refusal to discuss the issue with the probation department. The judge indicated that the treatment program could only succeed if used by persons whose criminal activity was the direct result of drug addiction.

Zelmer does not dispute the adequacy of these grounds. He argues instead that the probation officer, rather than the court, is the "appropriate probation authority" to consent or not consent to his eligibility. We disagree.

In Indiana, probation officers are functionaries of the court. They investigate cases, supervise probation and report to the court. IC 35-7-2-4. However, it is the court which is empowered to grant, modify and terminate probation. IC 35-7-1-1. It is also the court which imposes the conditions of probation, and after hearing, may revoke it. IC 35-7-2-1, 2. Accordingly, we hold that the court is the "probation authority" referred to by IC 16-13-6.1-16(e). Since Zelmer was on probation from the Lake Superior Court, Criminal Division, that court properly passed on his eligibility for the drug abuser program.

Affirmed.

Staton, J. and Chipman, J. concur.

NOTE—Reported at 380 N.E.2d 618.