**Dominic PETRUSO, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1281S375.**

Supreme Court of Indiana.

Nov. 12, 1982.

Jeffry G. Price, Peru, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by jury of attempted murder and kidnapping. He was sentenced to thirty-nine (39) and thirty-three (33) year terms for the respective offenses. The sentences were ordered to be served consecutively.

The record discloses Indiana State Trooper Taylor stopped appellant in his pickup truck after noticing his license plate had expired. He discovered by running a computer check that appellant was wanted in Pennsylvania on an outstanding warrant. When Officer Taylor attempted to arrest appellant, a struggle ensued. As appellant reached into his truck, the officer correctly feared he was drawing a gun. Appellant fired at Officer Taylor as the officer attempted to shield himself behind Taylor's truck. Although Officer Taylor suffered a gunshot wound he continued to take evasive

action, during which time he heard two or three more shots fired.

Appellant escaped in Officer Taylor's patrol car and went to the home of Mr. and Mrs. Nutt. There he forced Mr. Nutt to accompany him. A high speed chase with police officers ensued. Appellant was apprehended after the patrol car was disabled by police gunfire.

Appellant claims the trial court erred in summarily denying his pro se and his defense counsel's motion for change of venue both filed on July 10, 1981. Defense counsel's motion for change of venue generally alleged "that there has (sic) been great amounts of publicity surrounding his arrest and pending trial," and "that because of said publicity the defendant believes it will be impossible for him to receive a fair trial in Miami County, Indiana."

The procedure governing a change of venue is set forth by Rule 12, Rules of Criminal Procedure, which states in pertinent part:

"Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist after such hearing or upon such other proof as the court may require. "An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, . . . .

"Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence."

■ The failure to follow the clear dictates of Rule 12, Rules of Criminal Procedure justifies the denial of a motion for change of venue. *Carroll v. State,* (1982)

Ind., 438 N.E.2d 745; *Epps v. State,* (1977) 267 Ind. 177, 369 N.E.2d 404. Appellant's pro se motion was not properly verified. Appellant's counsel's motion failed to allege when and how the cause was first discovered, the facts establishing cause for change, and why such cause could not have been discovered before by the exercise of due diligence. Under similar factual circumstances, we held in *Epps, supra,* the trial court did not err in denying appellant's motion for change of venue without a hearing. There is no error.

■ Appellant claims the evidence was insufficient to support the convictions of attempted murder and kidnapping. Under our standard of review, we will not weigh the evidence nor judge the credibility of witnesses. *Zollatz v. State,* (1980) Ind., 412 N.E.2d 1200.

■ Appellant argues the evidence fails to establish appellant's intent to kill Officer Taylor. He specifically alleges no testimony was adduced at trial showing appellant aimed the weapon at the officer. The element of intent required to constitute murder may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Armstrong v. State,* (1982) Ind., 429 N.E.2d 647. The necessary intent may be inferred from the nature of the attack upon the victim and the circumstances surrounding the crime. *Roberson v. State,* (1982) Ind., 430 N.E.2d 1173.

■ Officer Taylor testified he first tried to protect himself by using appellant's vehicle as a shield. In the process he sustained a flesh wound in the back. The bullet removed from the officer's body was deformed and had traces of paint on it. The paint on the bullet was similar to the paint samples from appellant's pickup truck. A gouge in the truck appeared to have been made from a bullet. Although appellant alleges this evidence is exculpatory because it demonstrates he did not aim at Officer Taylor, the jury could have reasonably found appellant accidently shot his car while aiming at the officer.

Appellant also alleges the State failed to prove that Mr. Nutt was taken as a hostage, shield or for ransom. I.C. § 35–42–3–2(a) defines kidnapping as follows:

"(a) A person who knowingly or intentionally confines another person:

(1) With intent to obtain ransom;

(2) While hijacking a vehicle;

(3) With intent to obtain the release, or intent to aid in the escape, of any person from lawful detention; or

(4) With intent to use the person confined as a shield or hostage, commits kidnapping, a Class A felony."

The information alternatively charges appellant with violations of subsection (2), (3), and (4). The statute is worded in the disjunctive. Therefore, the State is not required to prove each alternative provision to constitute the offense.

▪ Mr. Nutt testified he and his wife flanked appellant as he guided them to the patrol car. Mrs. Nutt was forced into the back seat. However, she was released. Mr. Nutt was forced into the patrol car and accompanied appellant during the high speed chase. He held a gun to his victim's head. He threatened to kill Mr. Nutt if the police didn't clear his path of escape. Law enforcement officers testified they were impeded in apprehending appellant because of Mr. Nutt's presence.

Certainly the facts support an inference that appellant confined Mr. Nutt while hijacking a vehicle with intent to escape lawful detention or with intent to use his victim as a shield or hostage.

Appellant claims the trial court erred in refusing introduction into evidence a transcript of an interview with the chief investigating officer for the Indiana State Police. Prior to trial, the trial court granted the State's motion in limine prohibiting any reference to the interview or introduction of the transcript into evidence. Appellant attempted to introduce the transcript of the interview into evidence at the close of the State's case. The court sustained the State's objection on the grounds of hearsay and its inability to cross-examine the appel-

lant. Appellant then made an offer to prove showing both exculpatory and inculpatory statements were made during the interview and that appellant decided not to give evidence on his own behalf.

In a recent case, *Hernandez v. State,* (1982) Ind. 439 N.E.2d 625, appellant sought to introduce through the pharmacist receiving a forged prescription his exculpatory statements made during their conversation at the time of the transaction. In holding the trial court had not erred in refusing to admit the conversation on hearsay grounds, we noted that had the contents of the discussion been admitted, the state "would have been placed in the untenable position of being unable to cross-examine the declarant," the appellant. We further evaluated the possibility of his statements being shrewd, calculated and self-serving as extremely likely.

▪ Although appellant now asserts the trial court's ruling excluding the transcript from evidence denied him a fair and impartial trial and violated his right to present evidence in his own defense, at trial he claimed the evidence was not hearsay on the grounds of the business record exception. Appellant may not state one reason for objection during trial, then rely upon a different reason upon appeal. *Phelan v. State,* (1980) Ind., 406 N.E.2d 237.

Appellant claims his sentence is inherently unreasonable. The trial court augmented the presumptive thirty (30) year terms for attempted murder and kidnapping by nine (9) years and three (3) years due to aggravating circumstances. The sentences were ordered to be served consecutively. He requests that we review and modify the sentences pursuant to Rules for the Appellate Review of Sentences, Rule 2.

▪ The trial court may in its discretion increase or decrease sentences after considering aggravating or mitigating circumstances. *Jones v. State,* (1981) Ind., 422 N.E.2d 1197. This Court may revise a sentence only when, in light of the character of the offender and the nature of the offense, it is manifestly unreasonable. We may not

set aside a sentence merely because it may appear severe. *Jones, supra.* A thirty (30) year presumptive sentence for a Class A felony may be augmented by twenty (20) years for aggravating circumstances. I.C. § 35–50–2–4.

After considering the presentence report and the evidence presented at trial, the court specified as an aggravating circumstance that appellant attempted to murder a police officer in the performance of his duty. Appellant reiterates his contention that no evidence of his intent to murder Officer Taylor was adduced at trial. Our disposition of the issue above, holding the evidence sufficient to support the inference of appellant's intent, likewise supports the trial court's finding. The fact the victim of the kidnapping and his wife were over the age of sixty-five (65), that Mrs. Nutt was subjected to mental and emotional harm, and that Mr. Nutt's life was endangered by acts of appellant could also be properly considered as aggravating circumstances to increase the sentence for kidnapping. Appellant's argument that the police by firing upon the patrol car and engaging in a high speed chase endangered Mr. Nutt's life rather than himself is, to say the least, ludicrous. The court also found appellant's lengthy criminal history to support an increased term of imprisonment.

Both sentences were within the statutory limitations. The trial court did not abuse its discretion in increasing the sentences for attempted murder and kidnapping.

Similarly, the determination of whether the sentences are to be served concurrently or consecutively is within the trial court's discretion with one exception. Consecutive sentences must be ordered if a person commits a crime after having been arrested for another crime and before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime. I.C. § 35–50–1–2 [Burns 1979].

A court may increase the basic penalties, impose consecutive sentences or both upon consideration of relevant infor-

mation. *Humes v. State,* (1981) Ind., 426 N.E.2d 379. The sentences increased and ordered to be served consecutively were clearly within the limitations of the trial court's discretionary ambit.

Appellant asserts his sentences were violative of the constitutional prohibition against cruel and arbitrary punishment and provisions for rehabilitation and reformation. In *Williams v. State,* (1981) Ind., 426 N.E.2d 662 at 670, we state:

"Appellant next argues that a sentence of 130 years is violative of Art. 1, § 18, since it could not carry with it any goal of rehabilitation or reformation. In *Jennings v. State,* (1979) Ind., 389 N.E.2d 283, we upheld the denial of certain rehabilitative services to those inmates serving life sentences. On like basis, the obstacle which a sentence that extends beyond normal life expectancy poses to the achievement of reformation does not violate the guarantee of this provision of our Bill of Rights."

The trial court is in all things affirmed.

All Justices concur.