Everett "Red" PAGE, Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1179S327.

Supreme Court of Indiana.

Dec. 8, 1982.

Rehearing Denied March 9, 1983.

Dennis Brinkmeyer, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., James W. Turpen, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This cause is before us for a third time after our second remand, *Page v. State*, (1981) Ind., 424 N.E.2d 1021, in which we instructed the trial court to state specifically its reasons for enhancing the sentence upon Defendant's conviction for Rape, Class B felony, from ten (10) years imprisonment, the presumptive sentence, to fourteen (14) years imprisonment. On October 29, 1981, in compliance with our remand the trial court entered an order entitled, "Court's

Reasons, Facts and Circumstances in Sentencing." In response to the order Defendant filed a Motion to Correct Errors, which raises two issues.

\* \* \*

## ISSUE I

■ The trial court's order consists of three (3) reasons or conclusions supporting the enhanced sentence. Each conclusion is followed by from one (1) to four (4) numbered paragraphs which contain findings of fact that sustain the conclusion. In Reason No. 1 the court found that the victim was mentally and physically infirm and listed the following facts:

"1. That the victim was twelve (12) years of age on August 26, 1978, the date of the commission of the crime of Rape upon the person of the victim;

"2. The victim had an intelligence quotient of 45 and had attained a mental age of not more than five (5) years and six months at the time the victim was raped;

"3. That the victim was an epileptic and had cerebral palsy at the time she was raped."

Defendant contends that these findings of fact demonstrate that the trial court abused its discretion in allowing the victim to testify. We disposed of this issue in the initial appeal, *Page v. State,* (1980) Ind., 410 N.E.2d 1304, 1306, where we found no abuse of discretion. Defendant has presented nothing additional to support his contention that the witness was incompetent and that the trial court, consequently, was clearly wrong in its determination that the victim was competent to testify.

## ISSUE II

■ Defendant also contends that the "reasons cited by the Court in handing down the sentence were improper and not sufficient to establish or warrant an enhanced penalty."

As discussed above, the trial court noted the mental and physical infirmity of the victim, which is a proper aggravating circumstance to consider under Ind.Code § 35–4.1–4–7(c)(6) (35–50–1A–7(c)(6) (Burns 1979)).

■ The trial court also specifically noted Defendant's prior criminal convictions. Defendant argues that two of the prior convictions were misdemeanors and that all were old, having occurred between 1964 and 1968. Defendant cites no authority which limits the trial court's discretion in considering a history of criminal activity under Ind. Code § 35–4.1–4–7(c)(2) (35–50–1A–7(c)(2) (Burns 1979)) and no limitation with respect to the severity of the prior criminal activity or the time elapsed. There is no merit to Defendant's argument.

The trial court's sentencing order complies fully with the requirements of Ind. Code § 35–4.1–4–3(3) (35–50–1A–3(3) (Burns 1979)) as interpreted in *Page v. State, supra.* The order and record disclose that the sentence is not "manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind.R. App.Rev.Sen. 2(1). Consequently, the judgment of the trial court is now, in all things, affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.