Michael Edward STOVALL, Appellant,

v.

STATE of Indiana, Appellee.

No. 484S150.

Supreme Court of Indiana.

April 30, 1985.

David O. Kelley, Boonville, for appellant.

Linley E. Pearson, Atty. Gen., Latrialle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Following trial by jury, appellant was sentenced on Count I, Criminal Deviate Conduct While Armed With A Deadly Weapon, to thirty (30) years plus ten (10) years for aggravating circumstances; Count II, Confinement While Armed With A Deadly Weapon, to a ten (10) year concurrent sentence; Count III, Robbery While Armed With A Deadly Weapon, to a ten (10) year consecutive sentence.

The facts are: In an attempt to sell her home, the victim, B.B., placed a for sale by owner sign in her front yard. Appellant gained entrance to the home under the pretense of being a potential buyer. While appellant and the victim were viewing a bedroom, appellant grabbed the victim and placed a straight razor to her throat. Ap-pellant forced her to the bed where he tied her hands to the headboard of the bed.

Appellant removed most of the victim's clothing and his own pants. Appellant then sat on the chest of the victim and demanded the victim perform an act of oral sex. During this time the razor was either resting on the victim's cheek or beside her head on the bed. Appellant dressed himself and placed the razor in a back pocket. He then began to examine the victim's jewelry. Appellant placed various rings and necklaces in his pockets. Appellant removed the razor and cut the rope securing the victim's hands to the bed. Appellant warned the victim to remain in the house and he fled.

At trial appellant admitted being in the home. He testified, while viewing the home, B.B. made a pass at him. He admitted having oral sex with the victim but alleged the act was done at her insistence. He also admitted taking the jewelry; however, he denied any force was used to obtain the items. Appellant also denied the victim was confined by his actions.

This cause was set for trial on August 31, 1983. On the 29th of August, appellant took the deposition of the victim. From the deposition he became aware that the mother-in-law of the victim worked in the same sixty person office as the wife of the judge. On the afternoon of the 29th, appellant communicated this information to the judge. The judge acknowledged he had prior knowledge of this situation but believed it to be insignificant.

On the 31st appellant filed a motion for a change of venue from the judge pursuant to Ind.R.Cr.P. 12. The motion was in compliance with the rule. The court considered the motion on the 31st. He permitted each side to offer argument. In addition the court made a statement on the record concerning his lack of relationship with the family of the victim. He then permitted both parties to ask questions concerning the existence of a relationship. After both sides had completed their questioning, the court denied the motion. Appellant did not

object to the commencement of trial without further hearing.

Appellant now alleges as error the failure of the trial court to permit other evidence of a possible conflicting relationship to be introduced. He cites *Hanrahan v. State* (1968), 251 Ind. 325, 241 N.E.2d 143 holding that a hearing should be allowed in this type of situation. Appellant contends the court committed reversible error when it failed to hold an expanded hearing which would have included the testimony of additional witnesses.

Recently, in *Wilson v. State* (1984), Ind. App., 472 N.E.2d 932, the court found an Ind.R.Cr.P. 12 motion requires the trial court to hold a hearing prior to ruling on the motion. The court stated:

"We believe that a C.R. 12 motion, like T.R. 56 in *Otte v. Tessman* [ (1981), Ind., 426 N.E.2d 660], is the request triggering the fixing of a hearing; the trial court may not wait for a party to lodge an additional request. A C.R. 12 hearing is mandatory and may not be rendered naught for the court's convenience in a summary disposition. The court's actions here were reversible error." Id. at 937.

This interpretation by the Court of Appeals is correct. Two questions thus presented in the case at bar are: What effect is to be given to the failure of the appellant to object to the commencement of the trial without a more expansive investigation of potential conflicts of interests and whether the consideration by the trial court of the issue satisfied the requirements of a hearing?

■ The failure to object at trial to an alleged error results in the waiver of that error on appeal. An error may not be raised for the first time on appeal. *Woods v. Brown County Plan Commissioners* (1983), Ind.App., 446 N.E.2d 973. Thus, appellant is precluded from alleging the error of the failure of the court to hold an expanded hearing.

■ We hold the activities of the court did constitute a hearing as that term is defined in *Hunt v. Shettle* (1983), Ind.App., 452 N.E.2d 1045.

"A hearing is a proceeding of relative formality held in order to determine issues of fact or law in which evidence is presented and witnesses are heard. The party responding to the charges made by the agency must be given an opportunity to rebut evidence and cross-examine witnesses." Id. at 1050.

The court heard the testimony of the one witness who was in the best position to offer evidence on the question. The witness was examined by the parties and the court reached a conclusion of law based on the evidence.

Appellant argues the trial court erred when it denied his motion for separate trial as to Count I. On the day trial was to commence, the State filed a motion in limine to enjoin the defendant from violating the provisions of Indiana's rape shield statute. Ind.Code § 35-37-4-4.

The court delayed ruling on the motion until the second day of trial. The first day was taken up in selecting the jury and the giving of opening statements. Before the jury was brought in for the second day, the court heard argument on the motion. Appellant contended the rape shield statute was applicable only to Count I, the criminal deviate conduct allegation. He maintained he should be permitted to offer evidence of past sexual conduct which was relevant to the other two counts. The court granted the motion to Count I only but it noted the effect of the order was to preclude the admission of conduct protected by the statute to all three counts. Appellant then filed a motion to sever Count I. This motion was denied.

Appellant now argues he timely filed a motion for severance and that the denial of that motion prevented the admission of certain evidence which would have been relevant to Counts II and III.

■ The State offers two correct arguments as to why appellant's contentions must fail. First, appellant did not timely file his motion for severance. Ind.Code

§ 35–34–1–12(a). Appellant filed his motion after trial commenced. Thus, his motion must be based on a ground not previously known. Appellant alleges his ground not previously known was the State's motion in limine. We do not agree. The State's action did not trigger the enforcement of the provisions of the statute. The trial court was under an obligation to enforce these provisions without regard to the State's action. Appellant is charged with the knowledge of the provisions of the rape shield statute. Thus appellant knew, or should have known, prior to trial, of any situation requiring the severance of the counts. The motion for severance on this ground must have been filed prior to the commencement of the trial.

■ Secondly, appellant has failed to demonstrate that any harm flowed from the denial of the severance motion. During the course of the trial, appellant properly challenged the motion in limine by proffering three questions he wished to ask the victim. The questions dealt with her past sexual conduct and the allegations contained in Counts II and III. The State indicated it would not object to these questions. The trial court indicated these questions were not violative of the rape shield statute. Thus the refusal to grant the severance did not, in fact, create a situation in which appellant was denied an opportunity to present the evidence in question. We also note appellant chose not to ask the questions he had earlier proffered. We find no error in the denial of the motion to sever.

Appellant next alleges the trial court erred when it admitted, over objection, State's exhibits 20 and 21. These exhibits consisted of blood and saliva samples taken from appellant during his incarceration. These samples were introduced during the testimony of the serologist who compared the samples with those taken from the victim and samples taken from the clothing the victim wore on the day of the incident.

■ Appellant contends the samples were taken pursuant to an improper search warrant. At trial appellant raised three separate objections to the warrant: 1) there was no supporting affidavit attached to the warrant; 2) the docket sheet of the issuing court did not contain an entry noting the issuance of the warrant; and 3) the warrant was invalid on its face as the return date on the warrant was prior to the date the warrant was served.

It is unclear which of these arguments appellant seeks to advance on appeal. The record presented for review does not contain the search warrant in question. Appellant acknowledges the absence of the warrant. He indicates he is unaware of any reason why the warrant was not included in the record for appeal. This is precisely the situation for which Ind.R. App.P. 7.2 was drafted. Appellant must not stand idly by in this situation. He must follow the procedures of the rule to supplement the record so this Court may properly adjudicate the matter. *See Cox v. State* (1985), Ind., 475 N.E.2d 664. However we need not rely on procedural ground to resolve the matters.

The record provided for appeal does include a document entitled "affidavit" which is attached to a copy of the search warrant. These documents bear the file mark of the court and are dated on the day the warrant was issued. Appellant does not now argue this is not the document whose existence he earlier challenged. The record also reveals a proper *nunc pro tunc* entry into the record of the issuing court to the effect that the warrant was in fact issued by the court on the day in question.

Appellant was apparently correct when he asserted at trial that a conflict existed as to the dates on the warrant. When this problem was brought to the attention of the court, the court held a hearing outside the presence of the jury. At the hearing the State called the officer who obtained, served and returned the warrant. He testified the warrant was served before it was returned. He stated the problem as to the dates resulted from a clerical error. This form of correctional action was permissible. We find no error in the manner in which the exhibits were obtained.

■ Appellant asserts a lack of sufficient evidence as to Count I. Appellant contends there was a lack of probative evidence to two portions of the count. First he argues the evidence did not support the conclusion that the sex act was accomplished by the use of a razor held at the victim's throat. The victim testified that during the act appellant had his hands on his penis and that the razor was on a pillow near her head. Appellant acknowledges the State did allege the act was compelled by a threat of force. However, he claims the State through its information went beyond the allegation of fear and charged a specific physical act. He contends the State must also prove the occurrence of that specific physical act.

In essence appellant has alleged a variance between the proof and the allegation. We find no fatal variance in the case at bar. Appellant was neither misled in the preparation of his defense nor were his rights infringed. The evidence indicates the victim was accosted by appellant. He placed a razor at her throat and held it there until she was secured to the bed. He then placed the razor by her head and committed the act in question. This supports the allegation that the act was compelled by force and the threat of force. The listing of other specific acts in the allegation was merely surplusage. *See Manna v. State* (1982), Ind., 440 N.E.2d 473.

■ Appellant claims the evidence does not support the finding that the alleged sex act did in fact occur. The information alleged the criminal sexual deviant act of fellatio. Appellant argues the victim provided inconsistent statements as to what sex act occurred. She told her husband she had been raped. The victim provided the police with two separate pretrial statements. In one she characterized the act as oral sex. In the second she stated appellant masturbated into her mouth. At trial the victim testified appellant placed his penis in her mouth and held it there until he ejaculated. She also testified the appellant did masturbate while the penis was in her mouth. The jury was made aware of all of these statements. We hold there was sufficient evidence to support the conclusion reached by the jury.

■ Appellant next argues there is a lack of sufficient evidence to support the jury finding on the Robbery While Armed count. After completing the sex act, appellant dressed. He placed the razor in his back pocket. The victim testified she was aware of the location of the razor at all times. Appellant demanded that the victim disclose the location of her jewelry. She indicated it was stored in a box in the bedroom. Appellant retrieved the box and looked at the items of jewelry. He picked out several rings and necklaces and placed them in his pocket. Appellant then removed the razor and cut the rope which secured the victim to the bed. Appellant now contends he was not armed when the robbery occurred as the razor was in his pocket at that time.

We reject this spurious argument. The victim was well aware of the presence of the razor at all times. It was not necessary that the razor be at the victim's throat at the time the robbery occurred. Clearly the razor is a deadly weapon. It is also clear the weapon was in the possession of the appellant at all times. The fact the razor was in his pocket for a period of time does not alter his possession of the razor. *See Kruckeburg v. State* (1978) 268 Ind. 643, 377 N.E.2d 1351, cert. denied, 439 U.S. 990, 99 S.Ct. 590, 58 L.Ed.2d 665.

■ Appellant avers the trial court erred when it enhanced the presumptive thirty (30) year sentence for Count I. The court added ten years for aggravating circumstances. The appellant contends the court failed to list with specificity the facts supporting the existence of aggravating factors.

The court found that appellant had a history of criminal activity in the State of Kentucky and was presently a fugitive from that state. Secondly, the nature of the crime showed a need for correctional treatment. Lastly, the court found the na-

ture of the crime to be very serious and that to impose a reduced sentence would depreciate the seriousness of the crime. In addition the court noted several non-statutory factors to support the enhanced sentence. This is permissible under Ind.Code § 35–38–1–7(b).

The court pointed to the fact appellant threatened the life of the victim's child when she protested his actions. The court found appellant had not displayed remorse for his actions. Additionally, the court found he had used this same guise to enter the home of another couple. The court then found there were no mitigating circumstances. The court did more than list factors supporting the imposition of the enhanced sentence. The court backed each of these findings with specific facts to support the existence of the factor. We find no error in the imposition of the enhanced sentence.

The trial court is in all things affirmed.

All Justices concur.