**Terry JONES, Appellant**
**(Plaintiff Below),**

v.

**Julia BERLOVE, Appellee**
**(Defendant Below).**

No. 3-985-A-238.

Court of Appeals of Indiana,
Third District.

March 26, 1986.

---

John P. Geberin, Bowser, Geberin & Dalton, Warsaw, for appellant.

Jay T. Hirschauer, Hirschauer & O'Neill, Logansport, for appellee.

STATON, Presiding Judge.

Terry Jones appeals from a summary judgment in favor of Julia Berlove, raising one issue:

> Whether the trial court erred in granting summary judgment *sua sponte* for Julia Berlove.

We reverse.

Jones filed a negligence action against Berlove on April 20, 1981, claiming $1,500,-000.00 for injuries allegedly sustained when Berlove's car struck a recreational vehicle in which Jones was riding with his father. In September of 1982, Jones obtained new counsel, David Kolbe, and on February 4, 1983, he filed an amended complaint seeking only $350,000 in damages. On August 8, 1983, Berlove filed a Motion to Dismiss for want of prosecution, pursu-ant to Ind.Rules of Procedure, Trial Rule 41(E). A hearing on this motion was held at the pre-trial conference on September 9, 1983, and the trial court ordered the parties to complete discovery on or before January 1, 1984. Jones was also ordered to file a proposed pre-trial order on or before February 1. Jones failed to meet the latter deadline, but was able to show cause why the action should not be dismissed; he was ordered to file the proposed order by June 1, 1984, or again show cause why the action should not be dismissed.

On March 28, 1984, Berlove filed a motion for summary judgment, which was denied. In May of that year, David Kolbe withdrew as Jones' counsel, and the cause was continued until August 31, 1984, at which time Jones was ordered to indicate in some fashion his intention to prosecute the action or face dismissal under T.R. 41(E). Jones appeared personally on August 31 and, because of his difficulty in finding new counsel, was given until November 1, 1984 to show cause why the action should not be dismissed under T.R. 41(E).

On November 1, 1984, Jones' new counsel, John P. Geberin, requested the trial court to discharge the T.R. 41(E) order to permit him additional time to study the case file and consult an accident reconstruction expert. The trial court granted this request, scheduling a pre-trial conference for January 17, 1985, but on January 14 Geberin requested a continuance because he was still awaiting a report from Kenneth Baker, an accident reconstructionist. The cause was continued until May 20, 1985, before which date Jones was required to show cause once again why the action should not be dismissed pursuant to T.R. 41(E). On May 17, Jones, by counsel, showed the court that he was ready to proceed and requested the court to schedule the pre-trial conference at least thirty days hence. The conference was scheduled for June 28, 1985.

On May 21, Berlove again filed a Motion to Dismiss pursuant to T.R. 41(E), which the trial court denied. Due to a preexisting

obligation of her counsel, Berlove moved for continuance and the pre-trial conference was again rescheduled for July 12.

Finally on July 12, 1985, the pre-trial conference was held and, after questioning Geberin as to the qualifications of his proposed expert witness, Jon D. Fultz, the trial court entered a finding that Fultz was not qualified to testify as an expert accident reconstructionist. The court then entered summary judgment *sua sponte* in favor of Berlove, finding that Jones had no other evidentiary basis for recovery against Berlove and that there existed no genuine issue of material fact.

Jones argues that the trial court had no authority to grant summary judgment *sua sponte*. He argues further that summary judgment was improper in any case, because a factual controversy exists and because the court erred in ruling that Fultz was not qualified as an expert witness. Because we reverse, we will discuss only Jones' first contention.

■ As this court recognized in *State ex rel. Van Buskirk v. Wayne Tp.* (1981), Ind.App., 418 N.E.2d 234, 247, no provisions in the Trial Rules authorize the entry of summary judgment *sua sponte*, and the practice should be used only rarely and with caution. The paramount consideration is whether the party against whom summary judgment has been entered had notice and adequate opportunity to prepare and present materials in opposition. *Id. See also* 10A C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure: Civil 2d* Section 2720 (1983). Trial Rule 56(C) requires a party's motion for summary judgment to be served at least ten (10) days before the time fixed for the hearing, and it would seem that when no party has filed a motion, the trial court should apprise the parties that it is considering summary judgment and give them a similar period to prepare materials in support or opposition.

It may be argued that Jones had adequate time to prepare materials in support of his action, given the procedural history of this case and the delay in bringing it to trial; the crucial issue, however, is whether Jones had notice that summary judgment might be entered against him. Without such notice he would have had no reason to prepare materials specifically to prove the existence of a genuine issue of material fact. Further, in *Otte v. Tessman* (1981), Ind., 426 N.E.2d 660, our Supreme Court wrote that prejudice is presumed when a party moves for summary judgment and the trial court does not follow the mandate of Trial Rule 56 and fix a time for hearing before ruling upon the motion. This was so even though, in one of the two consolidated actions considered in *Otte*, four and one-half months had passed since the motion had been filed and the non-movant had filed no response. *Id.* at 661. Regardless of whether summary judgment is being considered upon the motion of a party or *sua sponte*, it would seem that one against whom it may be entered should be given notice that it may be entered, should be given an adequate opportunity to prepare and present materials in opposition, and should be told when such materials must be presented.

■ Jones must have an opportunity to present materials showing the existence of a genuine issue of material fact. We would note that summary judgment is rarely appropriate in a negligence action, *Lambert v. Parrish* (1984), Ind.App., 467 N.E.2d 791, 794, and that the mere improbability of recovery by a plaintiff does not justify summary judgment against him. *Four Winns, Inc. v. Cincinnati Ins. Co., Inc.* (1984), Ind.App., 471 N.E.2d 1187, 1188, *Pike County v. State ex rel. Hardin* (1984), Ind.App., 469 N.E.2d 1188, 1194.

We reverse and remand to the trial court for further proceedings consistent with this opinion.

HOFFMAN and GARRARD, JJ., Concur.