**Russell HICKMAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

**No. 34A02–8801–CR–36.**

Court of Appeals of Indiana, Second District.

April 27, 1989.

---

Merrill W. Otterman, Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Following a bench trial, Russell Hickman (Hickman) was convicted under Count I of a class B felony, attempted child molesting (attempted sexual intercourse) of J.L. and received a ten-year sentence. He was convicted under Count II of a class C felony, child molesting (fondling or touching) of K.U. and received a six-year sentence. He was also convicted under Count III of a separate class C felony, child molesting (fondling or touching) of J.L. and received another six-year sentence. The sentence under Count II was to be served consecutive to the concurrent sentences under Counts I and III.

Hickman's appeal asserts as error:

(1) the denial of his Motion for Change of Judge;

(2) admission into evidence of a prior consistent statement of J.L., one of the victims;

(3) admitting the testimony of A.D.M. and a statement made by Hickman, both of which concerned prior unrelated molestation charges; and

(4) imposition of consecutive sentences.

For reasons hereinafter stated we affirm the convictions upon all three counts but remand for resentencing.

I

## CHANGE OF JUDGE

Hickman argues that the trial court erred in summarily denying his Motion for Change of Judge. The instant charges were filed April 24, 1986. On May 28, 1986, Hickman appeared in court in person and in the custody of the Sheriff for his initial hearing. At that time the court appointed a public defender, entered a "preliminary" plea of not guilty on behalf of the defendant, fixed an omnibus date of July 28 and a jury trial for January 20, 1987. Record at 27. Apparently defendant did not appear either in person or by counsel on July 28, although the record does not indicate that he had been released from custody during the interim.

The chronology might, at first blush, appear to have required filing of a verified Motion for Change of Judge no later than June 7, 1986 (ten days after the "preliminary" plea entered by the court on behalf of the defendant). However, we hold that the "preliminary" plea entered by the court and before counsel could appear, did not trigger the period for filing a timely motion. *See Wilson v. State* (1984) 4th Dist.Ind.App., 472 N.E.2d 932.[1]

In any event the Motion for Change of Judge was not filed until September 24, 1986, long after counsel had been appointed and even though no formal not guilty plea was ever entered. *See Haskett v. State* (1979) 1st Dist., 179 Ind.App. 655, 386 N.E.2d 1012 (counsel appointed three months before motion filed). We, therefore, consider the motion as one which, under Ind. Rules of Procedure, Criminal Rule 12, must be "verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence."

The motion in question was verified but did not contain the requisite information except as to the recitation of the facts

---

1. We note that were it otherwise it might even be argued that the deadline for filing a timely motion was June 2, five days after the case was set for trial.

which were thought to constitute cause for the change. It was asserted that the trial judge was thought to be part Miami Indian whereas Hickman is part Shawnee Indian, and that the two tribes had been and continued to be enemies since 1813. The summary denial of the motion did not recite the basis for the ruling. However, we need not decide whether it was premised upon not being within the ten-day filing period and, therefore, deficient because lacking in essential procedural allegations. *See Petruso v. State* (1982) Ind., 441 N.E.2d 446; *Epps v. State* (1977) 267 Ind. 177, 369 N.E.2d 404; *Haskett v. State, supra,* 386 N.E.2d 1012; *cf. Gibson v. State* (1988) 4th Dist.Ind.App., 518 N.E.2d 1132, *trans. denied.*

■ Without regard to time constraints and pleading requirements, we decide that it was not an abuse of discretion for the court to deny this motion without conducting an evidentiary hearing as contemplated by Crim.R. 12 and as allegedly mandated by *Wilson v. State, supra,* 472 N.E.2d 932.

As very recently stated in *Coates v. State* (1989) Ind., 534 N.E.2d 1087, 1091:

"In a criminal proceeding a ruling on a motion for change of judge is discretionary. *Denton v. State* (1986), Ind., 496 N.E.2d 576; Ind.R.Cr.P. 12. On review, the defendant must show a clear abuse of discretion. *Denton,* 496 N.E.2d 576. To show abuse of discretion, the defendant in the present case tries to establish prejudice on the trial judge's part. 'Such clear bias or prejudice only exists where there is an undisputed claim or where the judge has expressed an opinion on the merits of the controversy before him.' *Wallace v. State* (1985), Ind., 486 N.E.2d 445, 456, *cert. denied,* (1986), 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 723. *Accord Lasley v. State* (1987), Ind., 510 N.E.2d 1340."

■ Hickman understandably interprets *Wilson v. State, supra,* 472 N.E.2d 932, to require an evidentiary hearing in every case in which a Motion for Change of Venue or Change of Judge is properly before the court.

The opinion in *Wilson* focuses upon a 1981 language change in the rule and reasons that because an opposing party has ten days after filing of the Motion to submit counter affidavits the court must not only set a hearing to be held more than ten days subsequent to the filing of the Motion but must actually conduct a hearing, whether or not such opposing affidavits are filed. In this, the *Wilson* court is in error. *See Linder v. State* (1983) Ind., 456 N.E.2d 400. *Otte v. Tessman* (1981) Ind., 426 N.E.2d 660, relied upon by the court in *Wilson,* does not require a hearing. *See Rumfelt v. Himes* (1982) Ind., 438 N.E.2d 980 (Prentice and DeBruler, JJ. dissenting). It requires only that a hearing date be set in order to trigger the notice to an opposing party of the opportunity to seek discovery and/or submit counter affidavits. *See Jones v. Berlove* (1986) 3d Dist.Ind. App., 490 N.E.2d 393.

As a matter of law, the generalized allegations relating to the antithetical tribal lineage of Hickman vis-a-vis the judge are insufficient to constitute an assertion of bias and prejudice. The motion did not allege that *this* judge, because of his ancestry, was biased and prejudiced against the defendant because of his heritage. *See Tabor v. State* (1984) Ind., 461 N.E.2d 118 (pre-trial publicity); *Gatchett v. State* (1973) 261 Ind. 109, 300 N.E.2d 665 (racial discrimination in jury selection process resulting in community prejudice); *Rex v. State* (1976) 3d Dist., 171 Ind.App. 104, 355 N.E.2d 282, *trans. denied.*

By reason of the facial insufficiency of the allegations, as a matter of law, to reflect bias and prejudice, the failure of the court to conduct an evidentiary hearing does not constitute cause for reversal. *Cooper v. State* (1972) 259 Ind. 107, 284 N.E.2d 799; *Haskett v. State, supra,* 386 N.E.2d 1012; *Rex v. State, supra,* 355 N.E.2d 282; *see State ex rel. Basham v. Medical Licensing Board* (1983) 3d Dist. Ind.App., 451 N.E.2d 691, 696 n. 3 (summary judgment compared with motion to dismiss); *but see Stovall v. State* (1985) Ind., 477 N.E.2d 252 (hearing was conducted relative to allegation of a seemingly remote relationship of judge to victim's family).

## II

### PRIOR CONSISTENT STATEMENT OF J.L.

■ One of the victims, J.L., gave a statement to the police some weeks after the incident in question. That statement was admitted into evidence during the direct examination of the police officer. Hickman objected upon grounds that it was a mere repetition of J.L.'s earlier testimony and that because J.L. had not been impeached, the statement had no rehabilitative purpose. The trial court observed that it merely tended to bolster J.L.'s earlier testimony but nevertheless overruled the objection.

Hickman cites only federal precedent for his argument that because there was no attempt to impeach J.L., the prior consistent statement should not have been admitted. We agree with the premise which underlies Hickman's argument. *See Samuels v. State* (1978) 267 Ind. 676, 372 N.E.2d 1186. The statement was wholly consistent with J.L.'s earlier in-court testimony and was merely cumulative in nature. In this respect, therefore, the statement was not used as a mere substitute for available in-court testimony and was not within the *Samuels* cautionary directive of our Supreme Court concerning admission of out-of-court statements pursuant to *Patterson v. State* (1975) 263 Ind. 55, 324 N.E.2d 482. *Flowers v. State* (1985) Ind., 481 N.E.2d 100, *aff'd on remand* (1988) Ind., 518 N.E.2d 1096; *Lewis v. State* (1982) Ind., 440 N.E.2d 1125, *cert. denied* (1983) 461 U.S. 915, 103 S.Ct. 1895, 77 L.Ed.2d 284. For this very reason, i.e., that the evidence was merely cumulative, it was subject to exclusion upon proper objection. *See King v. State* (1987) Ind., 508 N.E.2d 1259. Its admission here, if error at all, was nevertheless harmless error. *Davis v. State* (1988) Ind., 520 N.E.2d 1271; *Sexton v. State* (1974) 262 Ind. 554, 319 N.E.2d 829.

2. In his appellate brief, Hickman argues that dismissal of the 1980 charges operates as a collateral estoppel against the State. This argument was not included in the objection made at

We further observe that it was Hickman who first, during cross examination of J.L., alluded to the statement. In this regard, Hickman opened the door for further reference to the statement and to its non-prejudicial admission. *Walker v. State* (1987) Ind., 503 N.E.2d 883.

The court did not commit reversible error in admitting the prior consistent statement.

## III

### EVIDENCE OF PRIOR CRIMINAL CONDUCT

■ The convictions appealed involved conduct which took place in October 1985 involving J.L. and K.U. During the trial, testimony from A.D.M. was admitted over objection. It concerned touching and fondling which occurred between Hickman and A.D.M. as well as other young girls in 1980. A statement made by Hickman in 1980 concerned those incidents and was also admitted over objection. Hickman argues that the testimony and his statement did not involve the charges under trial, but were the subject of charges in 1980. Those charges had been dismissed for failure to prosecute pursuant to Ind. Rules of Procedure, Criminal Rule 4. Hickman contends that such dismissal is an adjudication on the merits and constitutes an acquittal of those charges. Accordingly, he asserts that evidence of those prior criminal acts should not have been admitted.[2]

The State readily acknowledges that a dismissal of this nature precludes subsequent prosecution for that offense or for any lesser included offenses. The cases cited by Hickman, *Johnson v. State* (1974) 262 Ind. 164, 313 N.E.2d 535; *State v. Soucie* (1955) 234 Ind. 98, 123 N.E.2d 888; and *Pillars v. State* (1979) 3d Dist., 180 Ind.App. 679, 390 N.E.2d 679, *trans. denied,* so hold. However, those cases do not hold that evidence of the acts committed may not be thereafter admitted in unrelated proceedings to reflect criminal conduct. As observed in *Soucie, supra,* 234

trial nor in the Motion to Correct Errors. It has therefore been waived. *Bedgood v. State* (1985) Ind., 477 N.E.2d 869.

Ind. at 103, 123 N.E.2d 888: "The discharge ... was not an acquittal in the sense of determining his guilt or innocence."

 Admissibility of acts of prior criminal conduct does not depend upon proof of a conviction. *Baxter v. State* (1988) Ind., 522 N.E.2d 362. The testimony of A.D.M. and Hickman's 1980 statement to police were admissible under the depraved sexual instinct exception to the general rule that prior acts of misconduct are not admissible. *Baughman v. State* (1988) Ind., 528 N.E.2d 78; *Baxter v. State, supra.*

### IV

### CONSECUTIVE SENTENCES

 The State concedes that the consecutive sentences were not adequately supported by a statement of the specific and individualized reasons therefor. Here, the sentences were accompanied by the bare, conclusory statement that:

> "Due to the nature of the offenses and the background, the Court finds ... that Count II should be served consecutively with that of I and III." Record at 334.

Accordingly, we must remand the cause to the trial court with instructions to enter specific and individualized findings which justify the imposition of consecutive sentences or in the alternative to make all sentences run concurrently. *Page v. State* (1981) Ind., 424 N.E.2d 1021, *aff'd on remand* (1982) Ind., 442 N.E.2d 977; *Burch v. State* (1986) 1st Dist.Ind.App., 487 N.E.2d 176, *trans. denied.*

Subject to the remand for resentencing, the convictions are in all other respects affirmed.

BUCHANAN, J., concurs.

MILLER, J., concurs in result with opinion.

MILLER, Judge, concurring in result opinion.

I concur in result. Generally, under C.R. 12, a motion for a change of judge must be filed within ten days after a plea of not guilty. However, if a defendant obtains knowledge of cause for a change of judge after the ten day period, the defendant may file a verified motion for a change of judge "specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence". C.R. 12.

In this case, Hickman filed a verified motion for a change of judge after the ten day period. His motion set forth facts showing cause for a change of judge, however, Hickman failed to allege when he first learned of the grounds for a change or why these grounds could not have been discovered earlier in the exercise of due diligence. In *Zelmer v. State* (1978), 177 Ind.App. 636, 380 N.E.2d 618, this court stated that a defendant was not entitled to a change of judge (requested more than ten days after entry of his plea) where the verified application did not allege when the defendant first learned of grounds for a change of judge or why the grounds could not have been discovered earlier in the exercise of due diligence. This court held that the trial court did not err in denying the defendant's petition without a hearing as the petition did not comply with the rule requirements. This same result was reached in *Haskett v. State* (1979), 179 Ind.App. 655, 386 N.E.2d 1012.

More recently, our supreme court in *Smith v. State* (1985), Ind., 477 N.E.2d 857, 864 stated that C.R. 12 "requires a specific factual and explanatory statement for belated motions (for a change of judge) to be proper." Since the defendant's motion in *Smith* did not state when the cause for the motion was first discovered, how it was discovered, nor why it could not have been discovered before, it did not comply with the rule and the denial of the motion was proper.

I concur in result as Hickman's motion failed to comply with the rule requirements. However, if Hickman had complied with the rule, I believe the trial court would have been required to hold a hearing on the motion under *Wilson v. State* (1984),

Ind.App., 472 N.E.2d 932. In *Wilson, supra,* this court stated that a C.R. 12 motion requires the trial court to hold a hearing prior to ruling on the motion. Our supreme court approved this holding in *Stovall v. State* (1985), Ind., 477 N.E.2d 252 stating:

> Recently, in *Wilson v. State* (1984), Ind. App., 472 N.E.2d 932, the court found an Ind.R.Cr.P. 12 motion requires the trial court to hold a hearing prior to ruling on the motion. The court stated:
>
> > 'We believe that a C.R. 12 motion, like T.R. 56 in *Otte v. Tessman* [(1981), Ind., 426 N.E.2d 660], is the request triggering the fixing of a hearing; the trial court may not wait for a party to lodge an additional request. A C.R. 12 hearing is mandatory and may not be rendered naught for the court's convenience in a summary disposition. The court's actions here were reversible error.' *Id.* at 937.
>
> This interpretation by the Court of Appeals is correct. *Id.* at 254.

Thus, had Hickman's motion complied with C.R. 12, the trial court would have been required to conduct a hearing. Apparently the majority is saying that a proper, verified motion (creating an issue of bias) filed under C.R. 12 does not require a hearing, whether or not counter-affidavits are filed. However, *Stovall, supra,* says otherwise.

Additionally, I might comment that if counter-affidavits are filed (presumably denying the allegations of the motion) a factual issue is created which must be resolved by the court at a hearing. Thus, a hearing is necessary.[1] If no counter-affidavits are filed by the State, the defendant has only established a *prima facie* basis for granting the application and, our supreme court has stated that in this instance the "application should not be *arbitrarily* denied without affording the defendant an opportunity to bolster the credibility of such with supporting testimony." *Mendez v. State* (1977), 267 Ind. 309, 370 N.E.2d 323, 325 (citing *Brown v. State* (1969), 252

Ind. 161, 247 N.E.2d 76, 83) emphasis in original. In either instance, whether counter-affidavits are filed under C.R. 12 or not, a hearing is mandated.[2] Because a proper motion for a change of venue from the judge requires the trial court to examine the merits of the claim based on evidence, *Stovall,* which requires a hearing, is still the law.

---

1. Unlike summary judgment, where the court determines the existence of conflicting facts.

2. Failure to file counter-affidavits under C.R. 12 does not have the same effect as failing to file counter-affidavits in summary judgment proceedings.