Argued and submitted August 24, reversed and remanded for new trial
October 26, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## WAYNE EDWARD LUMSDEN,
*Appellant.*

(88-0042-M; CA A47892)

763 P2d 194

G. Frank Sybrant, Grants Pass, argued the cause for appellant. With him on the brief was Kengla, Sybrant & Browne, Grants Pass.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, Graber, Judge, and Van Hoomissen, Judge pro tempore.

GRABER, J.

**GRABER, J.**

Defendant was convicted of driving under the influence of intoxicants (DUII). ORS 813.010. He assigns as error the denial of his motion to suppress evidence obtained as a result of the stop of his truck, arguing that the police lacked reasonable suspicion to stop him. We reverse.

Defendant had accompanied Candice Camp to the home of her sister, where Camp intended to retrieve some clothing. The sisters got into an argument, and Camp's sister called the police. When Officer Schlegal arrived, defendant was sitting on the front porch. Camp was not in sight. Schlegal talked with Camp's sister, who declined to press charges unless Camp and defendant failed to leave. Schlegal asked defendant to go but warned him not to drive, because he smelled of alcohol. Meanwhile, Officer McCage was searching the area for Camp. He testified that, while driving by, he saw Schlegal and defendant standing next to a small pickup truck.

Sometime later, Schlegal saw the pickup truck being driven. He and McCage were within sight of each other at that time. Schlegal radioed McCage and asked him to "stop that truck." Schlegal told McCage to warn Camp, if she were in the truck, that she might be charged with criminal trespass if she returned to her sister's house. Schlegal also reported to McCage that he had warned defendant about driving under the influence of intoxicants. Neither officer saw defendant get into or drive away in the truck. No check was done to identify its owner.

■ At the suppression hearing, the trial court found that the officers' primary purpose in stopping the truck was, in the exercise of their "community caretaking function," to warn Camp not to return to her sister's house; that "the other one was kind of a secondary purpose at best and that was that *if* the defendant was the driver that he had been warned not to drive [because] he was under the influence"; and that the officers "didn't have any idea who the driver was" or whether defendant was even in the truck. Those findings are supported by evidence in the record, and we are bound by them. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

The trial court denied defendant's motion to suppress on the basis of our decision in *State v. Bridewell,* 87 Or App

316, 742 P2d 648 (1987), which was later reversed. 306 Or 231, 759 P2d 1054 (1988). On appeal, the state concedes that a stop made pursuant only to a general "community caretaking function" cannot support the use of resulting evidence in defendant's criminal trial. We agree. *State v. Bridewell, supra.*

■    The state now asserts that the evidence is admissible because McCage reasonably suspected defendant of committing the crime of DUII and, therefore, could stop him pursuant to ORS 131.615(1).[1]

> "In reviewing the reasonableness of a stop, we must determine whether 'the standard of reasonable suspicion has been met by the objective test of observable facts' known to the officer at the time of the stop. *State v. Valdez,* 277 Or 621, 629, 561 P2d 1006 (1977); *State v. Ratliff,* 82 Or App 479, 728 P2d 896 (1986); *State v. Chambers,* 69 Or App 681, 685, 687 P2d 805 (1984). Accordingly, we look to the facts known to the officer making the stop. *State v. Hageman,* 59 Or App 96, 100, 650 P2d 175 (1982)." *State v. Kimmel,* 82 Or App 486, 489, 728 P2d 894 (1986).

The facts known to the officers gave them no objective basis reasonably to suspect that defendant was *driving,* even though they reasonably suspected that he was under the influence of intoxicants. Neither officer knew that defendant was even in the truck, much less that he was its driver. Because the officers lacked reasonable suspicion, the stop cannot be supported under ORS 131.615(1). The trial court erred when it denied defendant's motion to suppress.

Reversed and remanded for a new trial.

---

[1] ORS 131.615(1) provides:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make reasonable inquiry."

ORS 131.605(4) provides:

" 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."