Argued and submitted December 7, 1990, reversed and remanded July 31, 1991

# STATE OF OREGON,
*Appellant,*

*v.*

# GARY BROOKS ANDERSON,
*Respondent.*

## (S 986801; CA A63017)

814 P2d 190

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was charged with driving under the influence of intoxicants. ORS 813.010. The court granted his pretrial motion to suppress all evidence of intoxication obtained after he was stopped. The state appeals, and we reverse.

Officer Gourley first saw defendant as he was driving his pickup toward her patrol car, and she noted that the pickup had expired vehicle tags. She turned around and followed defendant into a service station, where he had gone to buy gasoline. She pulled in behind the pickup; he got out and met her between the vehicles. She told him that she had stopped him because his vehicle tags had expired. Defendant went into the service station office to pay for the gasoline while the officer completed a citation for expired tags. Defendant then moved his pickup away from the gasoline pumps. Gourley went over to him to serve the citation and to explain it. At that time, she noted "a strong odor of alcoholic beverage" coming from him. She asked him to remove his sunglasses and then saw that his eyes were "extremely bloodshot and watery" and that his face was flushed. She asked him if he had had anything to drink and he replied, "a beer." Defendant performed some physical sobriety tests at Gourley's request; she then concluded that he was under the influence of intoxicants and arrested him on that charge.

Defendant argued and the trial court concluded that, although the initial stop of defendant was lawful, the officer had no lawful basis to detain defendant and to expand the investigation beyond the reason for the initial stop. The court ruled that the evidence of intoxication was unlawfully obtained.

There is no question but that the initial contact, which could be characterized as a stop, was lawful, because Gourley saw that defendant was driving with expired vehicle tags. When Gourley smelled the odor of an alcoholic beverage emanating from defendant, while she was still in the process of issuing the citation, that gave her a reasonable basis to detain defendant further and to investigate to determine if he had been driving under the influence of intoxicants. *See State*

*v. Kolendar,* 100 Or App 319, 786 P2d 199, *rev den* 309 Or 698 (1990).

Reversed and remanded.