## STATE OF OREGON,
*Appellant,*

*v.*

## DAVID LIEBRECHT,
*Respondent.*

(CR2-0211-34; CA A75817)

853 P2d 1322

Youlee Yim You, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James Patrick McHugh, Jr., Oregon City, argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

Defendant was charged with driving while under the influence of intoxicants, ORS 813.010. The state appeals an order granting defendant's pretrial motion to suppress evidence. We reverse and remand.

On March 22, 1992, defendant was stopped for speeding. He had a passenger in his car. During the stop, the officer noticed a "very distinct odor of alcoholic beverage" emanating from the car. When asked, defendant admitted to drinking two or three beers that evening. He agreed to perform field sobriety tests. After performing those tests, defendant admitted that he actually drank seven or eight beers. The officer arrested defendant and took him to the police station. Defendant took a breath test, which indicated .10 percent alcohol in his blood.

Before trial, defendant moved to suppress all evidence obtained during the field sobriety tests and all evidence regarding the blood alcohol test. The trial court granted the motion. It ruled that the officer lacked reasonable suspicion that defendant was under the influence of intoxicants when he requested that defendant perform the field sobriety tests. Therefore, it concluded, the request was without authority, and the evidence derived from it was inadmissible.

The sole issue is whether the officer had a reasonable basis to suspect that defendant was driving while under the influence of intoxicants when he requested the tests. We hold that, under these facts, the odor of alcohol emanating from defendant's car, coupled with his admission that he had been drinking, provided a reasonable basis for suspecting that defendant was driving while under the influence of intoxicants. *See State v. Anderson*, 108 Or App 294, 814 P2d 190 (1991).

Reversed and remanded.