Argued and submitted December 21, 2000, reversed and remanded
January 31, 2001

## STATE OF OREGON,
*Appellant,*

*v.*

## MARVIN PHILLIP ZIEBART,
*Respondent.*

## (99C46551; CA A108629)

16 P3d 1212

Katherine H. Waldo, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Meredith Allen, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before Armstrong, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

KISTLER, J.

**KISTLER, J.**

The state appeals from a pretrial order suppressing evidence in a criminal case. We reverse and remand.

On May 28, 1999, Officer Maria Mignano saw a minivan stopped beside the road with a flat tire. She stopped to help the two women in the minivan. After she did so, she noticed defendant. Defendant had apparently also stopped his motorcycle to help the women.[1] Mignano and defendant were trying to find the spare tire and get it down. Mignano testified that, standing near defendant, she detected an odor of alcohol. She also noticed that he "had an uneven gait at that time. * * * [H]e was uncoordinated with his—when he was trying to take down the spare tire and getting it—getting it to the sidewalk." She explained that defendant was not staggering but that his movements were not smooth. Based on those observations, Mignano stopped defendant for driving under the influence of intoxicants. Defendant moved to suppress the evidence resulting from the stop.

The trial court found the officer credible but concluded that "there was not enough for a reasonable suspicion and therefore, the motion to suppress shall be allowed."[2] The trial court's findings of historical fact are binding on appeal if there is evidence in the record to support them. *See State v. Dahl*, 323 Or 199, 205, 915 P2d 979 (1996). Whether those facts are sufficient to establish a reasonable suspicion that the defendant had committed a crime presents a question of law. *State v. Peterson*, 164 Or App 406, 410, 991 P2d 1104 (1999).

The officer reasonably suspected that defendant had been driving. Defendant was standing beside the road, dressed as if he were a motorcyclist, and a motorcycle was

---

[1] When the officer arrived, a motorcycle was parked near the minivan. The motorcycle was running. A motorcycle helmet and gloves were near the minivan. The officer explained that defendant was dressed "as one would be who would be riding a motorcycle."

[2] The officer later administered a breath test to defendant. Defendant also moved to suppress evidence of that test arguing that the test had not been properly administered. The trial court did not reach that issue but ruled instead that all the evidence resulting from the stop should be suppressed.

parked nearby with its motor running. The officer also reasonably suspected that defendant had been driving under the influence of intoxicants. We previously have recognized that a moderate odor of alcohol—standing alone—is not sufficient to give rise to a reasonable suspicion that a defendant has been driving under the influence. *See State v. Kolendar,* 100 Or App 319, 322-23, 786 P2d 199, *rev den* 309 Or 698 (1990).[3] There must be some additional evidence of intoxication to support a reasonable suspicion. *See id.* In this case, not only was there an odor of alcohol on defendant's breath, but his movements were uncoordinated and his gait uneven. Those observations, combined with the odor of alcohol on defendant's breath, gave rise to a reasonable suspicion that defendant had been driving under the influence of intoxicants.[4]

Reversed and remanded.

---

[3] The decision in *Kolendar* did not produce a majority opinion. The lead opinion would have held that "the odor of alcohol on a person's breath is an objective, observable fact that permits an officer reasonably to suspect intoxication." 100 Or App at 323 (opinion of Graber, P. J.). Judge Edmonds concurred specially. He reasoned that a moderate odor of alcohol "implies consumption, not effect." *Id.* (specially concurring opinion). In his view, there must be something else, in addition to a moderate odor of alcohol, to give rise to a reasonable suspicion that a person has been driving under the influence of intoxicants. *Id.* at 323-24. He would have held that the driver's inattention to the condition of his car was a sufficient additional circumstance. *Id.* The dissent agreed that a moderate odor of alcohol—standing alone—was not enough but disagreed that the driver's inattention to the condition of his car tipped the balance in favor of a reasonable suspicion. *Id.* at 324 (Riggs, J., dissenting). Because the specially concurring opinion's rationale is narrower than the lead opinion's and was necessary to form a majority, the special concurrence's rationale controls.

[4] Defendant does not argue on appeal that the officer did not subjectively believe that defendant had been driving under the influence.