Submitted February 21, affirmed April 12, petition for review denied
August 24, 2017 (361 Or 803)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JENNIFER RENEE CRAIG,
*Defendant-Appellant.*

Deschutes County Circuit Court
MI140050; A159554

395 P3d 634

Ernest G. Lannet, Chief Defender, and Sarah De La Cruz, Deputy Public Defender, Criminal Appellate Section, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and Flynn, Judge pro tempore.

## FLYNN, J., pro tempore

Defendant appeals a judgment of conviction for DUII, ORS 813.010(1). She assigns error to the trial court's denial of her motion to suppress evidence that, defendant contends, resulted from the unlawful extension of an otherwise lawful stop by a state trooper. We conclude that the officer had reasonable suspicion to continue the stop to investigate the crime of DUII after the initial basis for the stop dissipated. Accordingly, we affirm.

We review the trial court's denial of defendant's motion to suppress for errors of law, but in doing so we are bound by the trial court's findings of historical fact that are supported by evidence in the record. *State v. Hensley*, 281 Or App 523, 525-26, 383 P3d 333 (2016). We also presume that the court made any implicit factual findings that are necessary to support its ultimate conclusion, and we are bound by those necessary, implicit findings if they are supported by the record. *Id.* at 526. We describe the pertinent facts according to that standard.

On a December night, an Oregon State Trooper stopped defendant, who was driving a silver and maroon Subaru, for operating an unsafe vehicle, ORS 815.020, after he observed her driving with a flat right front tire and travelling at about 18 miles per hour in a 45-mile-per-hour zone. In addition to processing the traffic infraction, the trooper also investigated whether defendant's car had caused recently reported property damage at a nearby accident scene. The trooper had received a report of the accident less than 15 minutes before spotting defendant. The report described a silver and maroon Subaru, possibly with a flat tire, driving away from an accident scene that was approximately one and one-half to two miles away in the direction from which defendant had been traveling. A sheriff's deputy arrived during the stop and told the trooper that the car involved in the accident had driven off the road, causing some damage to plants and possibly to a fence.

Defendant had two passengers in her car and told the trooper that her tire was flat because she had hit a rock. During an initial investigation, the trooper observed some scratches on the front of defendant's car and some weeds

underneath the front bumper, but no "major body damage." He took some photographs and instructed defendant that she needed to wait for the arrival of a third officer who had been sent to inspect the crash scene. The duration of the stop from the inception to the time the third officer arrived lasted between nine and 12 minutes. When that third officer arrived, he compared the damage to defendant's car with the information he had gathered from the crash site.

While the third officer inspected defendant's car, the trooper spoke with defendant and smelled "an odor of alcohol coming from the inside of the vehicle." In an attempt to rule out other sources of the odor, he asked if anyone in the car had been drinking and asked if anyone was wearing perfume. The answer to both questions was "no." The trooper talked with the second officer and learned that he also had smelled an odor of alcohol coming from the car.

When the third officer finished inspecting defendant's car, the three conferred and decided that defendant probably was not the person involved in the crash. At that point, the trooper shifted the focus of the stop to investigating whether defendant had been driving while intoxicated. He performed field sobriety tests that led to defendant's arrest and, ultimately, conviction for DUII.

On appeal, defendant renews her argument that the evidence of DUII resulted from an unlawful extension of the traffic stop. Defendant does not dispute that the stop was initially lawful, based on probable cause that defendant was committing the offense of operating an unsafe vehicle and reasonable suspicion that defendant had failed to report that her vehicle caused the reported property damage.[1] Defendant argues, however, that the officers extended the duration of the stop beyond the point at which they had completed their investigations related to those original, lawful bases, and that the officers lacked reasonable suspicion of DUII to justify the extension. *See State v. Sherman*, 274 Or

---

[1] ORS 811.700 provides that a person commits the misdemeanor "offense of failure to perform the duties of a driver when property is damaged if the person is the driver of any vehicle and the person does not perform" required duties, which include "tak[ing] reasonable steps to notify the owner or person in charge of the property" of the driver's name, address, and vehicle registration number.

App 764, 773, 362 P3d 720 (2015) (explaining that, when officers have an initial lawful basis for a stop but extend the stop past the point at which the initial lawful reason for the stop has dissipated, the extension "must be justified by at least reasonable suspicion of some other criminal activity").

Defendant argues that any reasonable suspicion that defendant was the driver who left the scene of the accident dissipated when the trooper inspected the front of defendant's car and, as defendant contends, saw "no signs of damage beyond those associated with normal usage" and should have known that "the car involved in the accident would likely have obvious damage." We conclude, however, that the lack of "obvious damage" to defendant's car was not enough to dissipate the reasonable suspicion that, undisputedly, justified the initial investigation into whether defendant was the driver involved in the accident. The report had described the accident as causing some damage to plants and possibly to a fence, and possibly causing a flat tire on the car. In addition to the facts that defendant's car matched the make and color of the car involved in the accident and was driving from the direction of the accident scene with a flat tire, the trooper observed scratches on the front of defendant's vehicle and some weeds underneath the front bumper. The trooper's suspicion that he had stopped the sought-after car continued to be objectively reasonable, and that reasonable suspicion justified the short additional detention needed for the trooper to consult with the officer who had been sent to inspect the accident scene.

The state acknowledges that the original lawful bases for the stop dissipated after the trooper consulted with the third officer but contends that the trooper's reasonable suspicion of DUII justified the extension of the stop. We agree. In order for a court to determine that "reasonable suspicion" made an investigatory stop lawful under Article I, section 9, of the Oregon Constitution,

"the court (1) must find that the officers actually suspected that the stopped person had committed a specific crime or type of crime, or was about to commit a specific crime or type of crime, and (2) must conclude, based on the record, that the officers' subjective belief—their suspicion—was

objectively reasonable under the totality of the circumstances existing at the time of the stop."

*State v. Maciel-Figueroa*, 361 Or 163, 182, 389 P3d 1121 (2017).

In challenging the continuation of the stop, defendant primarily argues that the odor of alcohol coming from a vehicle, particularly when there are multiple occupants, is not sufficient to give rise to a reasonable suspicion that defendant had been driving under the influence of intoxicants. *See State v. Ziebart*, 172 Or App 288, 291, 16 P3d 1212, *rev den*, 332 Or 326 (2001) ("[A] moderate odor of alcohol—standing alone—is not sufficient to give rise to a reasonable suspicion that a defendant has been driving under the influence."). As defendant recognizes, however, reasonable suspicion can arise when the odor of alcohol is combined with "some additional evidence of intoxication." *See id.*; *see also Maciel-Figueroa*, 361 Or at 182 (judicial review of whether a police stop is justified by reasonable suspicion "looks to the totality of the circumstances confronting a police officer" (internal quotation marks omitted)).

Here, in addition to the trooper's observations regarding the odor of alcohol and defendant's denial of alternative sources for the odor, the trooper testified that he suspected that defendant was intoxicated because she had glassy eyes and because she had hit a rock and was driving unsafely on a flat tire.[2] The trooper also had seen defendant place a piece of peppermint candy in her mouth and testified that, in his experience, people "tend to try to mask" the odor of alcohol with "candy, gum, [and] cigarettes." Thus, given the totality of the circumstances, we conclude that the trooper had objectively reasonable suspicion to extend the stop to investigate defendant for driving under the influence of intoxicants.

Affirmed.

---

[2] Defendant seems to suggest that the trial court found that the officer did not yet suspect that defendant was intoxicated at the point that he began his DUII investigation, but we reject that construction of the court's findings without further written discussion.