Temple CHANLEY & Laura Chanley,
Appellants–Plaintiffs,

v.

The STATE of Indiana & Crawford
County, Indiana, Appellees–
Defendants.

No. 31A01–9204–CV–91.

Court of Appeals of Indiana,
First District.

July 22, 1992.

Transfer Denied Oct. 26, 1992.

David V. Scott, New Albany, for appellants–plaintiffs.

J. Anthony Goebel and Barbara W. Gernert, Wyatt, Tarrant, Combs & Orbison, New Albany, for Crawford County, Ind.

STATEMENT OF THE CASE

RATLIFF, Chief Judge.

Temple Chanley and Laura Chanley ("Chanleys") appeal from summary judgment entered in favor of Crawford County, Indiana ("County"), in their action for damages in a personal injury action.[1] We reverse and remand.

ISSUE

Do issues of material fact exist regarding County's duty of reasonable care to provide for the safety of motorists using its roadway in approaching an intersection

---

**1.** The State of Indiana is not participating in this appeal.

with a State road, thereby precluding summary judgment?

## FACTS

This appeal involves an intersection at Brownstown Road and State Road 64 in Crawford County ("Intersection"). The State of Indiana owns State Road 64, and County owns Brownstown Road. A stop sign is located at the Intersection. The State erected the sign and is responsible for maintaining it. A "stop ahead" sign is located along the approach of Brownstown Road near the Intersection, approximately 580 feet away. The State placed this sign at its location in 1984. Supp. Record at 10–11. On at least two occasions, the State repaired or replaced the "stop ahead" sign. Supp. Record at 12–13.

In the 1950's, the Intersection was reworked. At that time, the curve was changed, the stop sign was erected at the Intersection, and the "stop ahead" sign was likely erected along the approach to the Intersection after the State purchased the right-of-way. Supp. Record at 19–21. Sometime after the work on the Intersection was completed, the right-of-way reverted back to County. Supp. Record at 32. However, the State continued to maintain the signs although the responsibility for maintaining such signs technically rests on the owner of the right-of-way on which the signs are located. Supp. Record at 12 and 32.

On July 29, 1988, the Chanleys were travelling in a vehicle which Temple was operating on Brownstown Road near the Intersection. Laura was looking ahead as they drove, and from a point approximately one quarter of a mile from the Intersection, she did not see any signs warning that there was a required stop ahead. As the Chanleys neared the Intersection, Temple was "unable to determine the location of the [I]ntersection in sufficient time" to avoid entering the Intersection without stopping. Record at 15. The Chanleys' vehicle entered the Intersection and collided with another vehicle which was travelling in the westbound lane of State Road 64.

The Chanleys filed suit for personal injuries suffered in the accident against the State and County in July of 1990. Following discovery, County moved for summary judgment on March 22, 1991. After a hearing, the trial court took the motion under advisement and later granted it on December 9, 1991. This appeal ensued. Other relevant facts will be stated in our discussion.

## DISCUSSION AND DECISION

The Chanleys argue that the trial court erred in granting summary judgment in County's favor. We agree, and find that the trial court improperly ruled that no genuine issues of material fact exist; thus, we reverse and remand.

When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 994. We must consider the pleadings and evidence sanctioned by Ind. Trial Rule 56(C) without determining weight or credibility. *Id.* Only if such evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law should summary judgment be granted. *Id.* The movant bears the burden of proving the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed favorably to the nonmovant. *Jackson v. Warrum* (1990), Ind. App., 535 N.E.2d 1207, 1210. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 54.

■ The crux of this dispute is whether County sustained its burden in showing no issues of material fact regarding any duty it may have had to the Chanleys to maintain a "stop ahead" sign near the Intersection and thereby warn motorists of the approaching Intersection. The State and all counties have a common law duty to exercise reasonable care in the design, construction, maintenance, and repair of highways and roads within their control. *Miller v. State Highway Department* (1987),

Ind.App., 507 N.E.2d 1009, 1112. Once a traffic control or regulatory sign is placed at a location, a duty to reasonably maintain the sign arises. *Id.* The standard of care is that which would be exercised by an ordinary prudent person under the circumstances. *Id.*

■ County argues that the fact that the State placed the "stop ahead" sign on the approach to the Intersection somehow absolves it of any duty toward the Chanleys. We disagree. Here, while the State redesigned the Intersection in the 1950's, and, at least by 1984, placed a "stop ahead" sign 580 feet from the Intersection on County's right-of-way, such facts are not dispositive of County's duty to the Chanleys. It is undisputed that the "stop ahead" sign is located on County's right-of-way, and County does have a duty separate and apart from the State's, so that the State's action in reworking the curve approaching the Intersection and redesigning it does not absolve County from its duty to exercise reasonable care for the motorists using County's highway approaching the Intersection. *See* Supp. Record at 6–7 and 12; *see also Miller,* 507 N.E.2d at 1011 (county had no duty to maintain stop sign at intersection of state and county highways, where sign erected by state, *located on state's right-of-way,* and placed to control traffic flow onto state highway) (emphasis added).[2] We hold that a duty by the State to motorists approaching the Intersection does not negate a duty by County; rather, both may exist simultaneously in relation to the Intersection. *See Miller,* 507 N.E.2d at 1012. Also, County's reliance on IND. CODE §§ 8–9.5–4–6[3]; 8–17–9–1 and –2[4]; 9–4–1–31(a)[5]; and, 9–4–3.1–4[6], is misplaced. These provisions relate to the general miscellaneous duties of the Indiana Department of Highways, and are inapplicable to our analysis. The general duty

imposed on both the State and counties belies County's assertion that the State is, by statute, the only entity responsible for motorists' safe travel on roadways approaching intersections involving both State and county roads where the State erects a "stop ahead" sign on a county's right-of-way. *See* Appellee's Brief at 11–12; *see also Miller,* 507 N.E.2d at 1011–1012.

■ Thus, County may not claim that it is excused from any duty to the Chanleys, and we find that a duty owed from County to the Chanleys does exist. However, the remaining issues required to warrant a finding of negligence, that is, the extent of the duty owed, and whether a breach of such duty occurred, proximately causing the Chanleys' injuries, are for the jury. *See Jump v. Bank of Versailles* (1992), Ind.App., 586 N.E.2d 873, 876. Therefore, we find that the issue of whether County was negligent in failing to maintain a "stop ahead" sign on its right-of-way near the Intersection, that is, whether County sufficiently fulfilled its duty to exercise reasonable care to provide for the safety of motorists using its road approaching the Intersection, is not properly resolved by summary judgment; rather, such is a determination to be made by a jury.

■ We reverse and remand for further proceedings consistent with this opinion, noting that our determination in no way portends a positive outcome for the Chanleys at trial; rather, we merely hold that issues of material fact exist regarding the extent of County's duty to the Chanleys, which preclude summary judgment in County's favor. *See Jones v. Berlove* (1986), Ind.App., 490 N.E.2d 393, 395 (mere improbability of recovery at trial does not

---

2. This factual difference between *Miller,* 507 N.E.2d 1009, and the case at bar, namely, that in *Miller* the stop sign at issue was located on State's right-of-way, while here the "stop ahead" sign is located on County's right-of-way, is dispositive. Thus, County's reliance on *Miller* in urging affirmance is misplaced.

3. Repealed by Pub.L. 112–1989, § 6.

4. Repealed by Pub.L. 113–1989 § 11.

5. Repealed by Pub.L. 2–1991 § 109; now IND. CODE § 9–21–4–2.

6. Repealed by Pub.L. 2–1991 § 109; now IND. CODE §§ 9–21–3–4 and 9–21–3–6.

justify summary judgment against plaintiff).[7]

Reversed and remanded.

BAKER and SHARPNACK, JJ., concur.

---

**7.** We decline the Chanleys' invitation to issue an advisory opinion regarding the use of admissions under Ind. Trial Rule 36. *See* Reply Brief at 7–9.