Argued and submitted May 3, the decision of the Court of Appeals reversed and order of the trial court affirmed June 13, 1989

STATE OF OREGON,
*Respondent on Review,*

*v.*

PATRICK E. FARLEY,
*Petitioner on Review.*

(DC 87-7105, 87-03-103; CA A45512; SC S35794)

775 P2d 835

Henry M. Silberblatt, Salem, argued the cause for petitioner on review. With him on the petition was Gary D. Babcock, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the response to the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Gillette and Fadeley, Justices.

JONES, J.

## JONES, J.

In this prosecution for driving while suspended, ORS 811.175, and driving without insurance, ORS 806.010, the state appealed from the trial court's order suppressing evidence obtained after a stop of defendant's vehicle. The Court of Appeals reversed the order of the trial court. *State v. Farley,* 93 Or App 723, 764 P2d 230 (1988). We reverse the decision of the Court of Appeals.

A state police officer stopped defendant because his vehicle had no visible license plates, an apparent traffic infraction. ORS 803.540. All concede that the stop was lawful. When first approaching defendant's vehicle, however, the officer noticed a valid temporary vehicle permit posted on the windshield, allowing the vehicle to be operated without license plates. ORS 803.540(2)(a). The officer's observation of the valid temporary permit satisfied the reason for the initial stop. The officer observed no other wrongdoing. Nonetheless, as a matter of police routine, the officer asked defendant for his driver license. Defendant presented his license and told the officer that he had no insurance. The officer then detained defendant and his vehicle while checking on the status of defendant's license. On the basis of information obtained, he cited defendant for driving while suspended and for driving without insurance. At the hearing on the motion to suppress, the officer could not recall whether he saw the permit before or after he asked for defendant's license, but the trial court found that, once the officer had observed the valid temporary permit, he had no reason to make any further inquiry regarding defendant's driver license. Thus, under *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968), we conclude that the court must have found that the reason for the stop had dissipated and that no further investigation of the validity of the temporary permit or the identity of the driver was necessary.

The state argues that a police officer investigating an apparent traffic infraction has authority to request a motorist to display a driver license even after the officer discovers that no infraction actually occurred and that the reason for the initial lawful stop has evaporated. In other words, the state contends that once a person has been validly stopped, an officer may proceed to identify the driver and ask for a license and evidence of insurance.

ORS 810.410(3), 153.110(3) and 807.570 govern the stop and detention of drivers for traffic infractions. ORS 810.410(3) provides in part:

"A police officer:

"(a)   Shall not arrest a person for a traffic infraction.

"(b)   *May stop and detain* a person for a traffic infraction *for the purposes of investigation reasonably related to the traffic infraction, identification* and issuance of citation." (Emphasis added.)

ORS 153.110(3) provides:

"Any person authorized to issue citations pursuant to this section may not arrest for violation of the infraction but may detain any individual reasonably believed to have committed a violation, * * * only so long as is necessary to determine, for the purposes of issuing a citation, the identity of the violator and *such additional information as is appropriate for law enforcement agencies in the state.*" (Emphasis added.)

ORS 807.570 provides in part:

"(1)   A person commits the offense of failure to carry a license or to present a license to a police officer if the person either:

"* * * * *

"(b)   Does not present and deliver such license or permit to a police officer when requested by the police under any of the following circumstances:

"(A)   Upon being lawfully stopped or detained when driving a vehicle."

In this case, the officer lawfully stopped defendant "for the purposes of investigation reasonably related to the [apparent] traffic infraction" of operating a vehicle without license plates. Having made a lawful stop, however, the officer could ask defendant to show his driver license only for the purposes of investigation reasonably related to the stop. Upon seeing the temporary permit, the justification of any investigation was vitiated. Plain and simple, the officer had no statutory authority to proceed further. That authority ended with the officer's discovery that the traffic infraction he was investigating had not actually occurred.

We have reviewed the substantial legislative history

submitted post-argument, and we are satisfied that the legislature, in setting the limits for detention and citation of traffic offenders, did not intend to force operators of vehicles in this state to be detained by police for the minutes (be it 5 or 30) it takes to make a radio call to determine if there are any outstanding warrants for the operator. If a driver has committed no observed wrong, the legislature has directed that the driver be allowed to proceed.

The state asks this court to grant general authority to officers to make operator's license checks after every lawful stop. That application is made to the wrong branch of government. The rule we enforce was created by the legislature. If it is to be modified, the legislature must make the modification.

The decision of the Court of Appeals is reversed, and the order of the trial court is affirmed.