# STATE OF OREGON,
## *Respondent,*

### *v.*

# EDWARD L. BROWN,
## *Appellant.*

## (89-11919-A; CA A63881)

812 P2d 4

Arthur P. Stangell, Oregon City, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010, assigning error to the trial court's denial of his motion to suppress evidence. We affirm.

A Clackamas County deputy sheriff stopped defendant for driving with expired vehicle license tags. ORS 810.410(3)(b). The trial court made findings of fact: Defendant had affixed a valid temporary permit to the inside of his vehicle's left rear window. It was attached by only one corner and could not be read from a distance. The officer approached the back of the vehicle. Before making contact with defendant, he went up to the rear window. While looking through the window in an effort to read the permit, the officer observed a number of beer cans in the vehicle's back seat. The trial court further found that at "some time during that period the officer smelled the odor of alcohol on the defendant's breath and noted bloodshot eyes. * * * I'm unable to determine if the breath and eyes were observed before or after the officer determined that there was not a license plate violation."

Defendant does not challenge the validity of the stop or the officer's authority to examine the permit. However, he argues that, under *State v. Farley,* 308 Or 91, 775 P2d 835 (1989), the observation of beer cans, bloodshot eyes and the odor of alcohol should have been suppressed. In *Farley,* the police officer determined that the temporary vehicle permit was valid before he had made personal contact with the defendant. Although the reason for the stop had dissipated, he asked to see the defendant's license and detained him in order to run a license check. The Supreme Court held that, because the "observation of the valid temporary permit satisfied the reason for the initial stop [and the] officer observed no other wrongdoing," the officer "had no reason to make any further inquiry regarding the defendant's driver license." 308 Or at 93.

■ This case differs from *Farley* in several important regards. The trial court specifically found that the information about defendant's intoxication was not the product of questioning or investigation. The officer was acting lawfully

when he examined the permit. While looking through the window, he saw beer cans in plain view. That alone created a reasonable suspicion that defendant had committed an open container violation. ORS 811.170(1)(c). When the officer made contact with defendant, the alcohol odor and bloodshot eyes were readily apparent. Together, those signs of alcohol consumption allowed him to investigate the crime of DUII. *State v. Kolendar,* 100 Or App 319, 323, 786 P2d 199, *rev den* 309 Or 698 (1990). The trial court aptly observed, "I can't see how under the circumstances presented here * * * the officer couldn't have had contact that alerted his senses to the commission of this crime."

Our conclusion is not affected by the fact that the trial court was unable to determine which the officer observed first—the permit or defendant's physical condition. In either case, the officer's lawful act put him in a position in which his senses alerted him to wrongdoing. He did not search, inquire, detain, purposely intrude or in any other way investigate defendant or the vehicle after any reasonable suspicion had dissipated. After he stopped defendant, sights and smells gave rise to a reasonable belief that defendant had committed an offense other than the one for which he had been stopped. When performing a traffic stop, an officer does not act in a vacuum and need not be oblivious to evidence that is staring him in the face.

Affirmed.