Argued and submitted October 31, 1996, reversed and remanded January 29,
petition for review denied April 8, 1997 (325 Or 247)

## STATE OF OREGON,
### *Appellant,*

*v.*

## HORACE LEE BLACK,
### *Respondent.*

## (9506-45214; CA A91773)

932 P2d 554

Douglas F. Zier, Assistant Attorney General, argued the
cause for appellant. With him on the brief were Theodore
R. Kulongoski, Attorney General, and Virginia L. Linder,
Solicitor General.

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

The state appeals a trial court order granting defendant's motion to suppress evidence obtained during a stop, in which a police officer was investigating the crime of illegal dumping, ORS 164.805, and which led to defendant's arrest for driving while under the influence of intoxicants, ORS 813.010. ORS 138.060(3). We reverse.

Officer Haines received information that a "black van with an Oregon license plate TCR 546" was involved in illegal dumping. About an hour later, she saw a "midnight blue" van with the license plate TCR 546. She signaled, with her overhead lights, for the van to stop. After defendant, who was driving the van, stopped, Haines approached the van and asked him to turn off his ignition. When he did not do so, she repeated the request. Again, he did not turn it off. Following the third request, defendant finally complied. Haines then asked defendant for his driver license, registration and proof of insurance. Defendant got out of the van and gave her his license and an expired insurance card. When Haines asked defendant for current proof of insurance, he handed her his vehicle registration instead.

After defendant got out of the van, Haines noted a strong odor of alcohol emanating from defendant. She asked him if he had had anything to drink, to which he replied, "yes, one beer." Because the odor was so strong, she asked him the size of the beer. Haines then saw an opaque cup on the driver's side of the console and a paper bag with something inside of it on the passenger's side. She asked defendant what was in the cup and sack, to which he replied, "pop." She then asked the passenger to show her what was in the bag. It was a partially full, 16-ounce can of malt liquor. After that, she told defendant about her suspicions regarding the illegal dumping. Following a short discussion about that, she asked him to come with her to the patrol car. As he did so, Haines noted that defendant walked with an unsteady gait. She then arrested him for driving while under the influence of intoxicants.

The trial court concluded that Haines had a reasonable suspicion that the van was involved in illegal dumping

and that it was permissible for her to stop the vehicle because of that suspicion. The court explained that if this had been a traffic stop, the officer's inquiry would have been proper. It concluded, however, that because the stop was not a "traffic stop," the officer was not authorized to ask for defendant's license, registration and proof of insurance. The trial court reasoned that the items "had nothing to do with" the investigation of the illegal dumping and, therefore, that inquiry was not " 'limited to the immediate circumstances that aroused the officer's suspicion' " as required by ORS 131.615. Consequently, the trial court granted defendant's motion to suppress all evidence acquired by the officer after she requested the documents from defendant.

The state assigns error to the trial court's granting of the motion. It asserts that Haines' inquiry did not exceed the permissible scope of inquiry in that defendant's identity was relevant to and part of the investigation of the offense for which the officer stopped defendant, illegal dumping. Defendant concedes that Haines reasonably suspected that he was involved in illegal dumping, and thus, could lawfully stop him to make a reasonable inquiry about that crime. He contends, however, that the trial court properly granted the motion to suppress because Haines' request to see the documents was not reasonably related to investigating an alleged illegal dumping.

As the trial court correctly concluded, ORS 131.615, which governs the permissible scope of inquiry for a stop, is applicable here. It provides:

"(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that [the peace officer] is a peace officer, make a reasonable inquiry.

"* * * * *

"(3) The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

■ Contrary to the trial court's conclusion, Haines' inquiries concerning defendant's identity were relevant to her investigation of the crime of illegal dumping and, therefore, were within the immediate circumstances that aroused

Haines' suspicion. As discussed above, Haines' suspicion that the van that defendant was driving recently had been used to commit the crime of illegal dumping was reasonable. Although the officer had not been given identifying information about the person who had dumped the garbage, she had good reason to believe that the persons in the van, and, in particular, the driver of the van, may have been involved in the dumping and she was entitled to question them about that as part of her investigation. Her request for defendant's identification was a logical step in that investigation.

Likewise, request of documentation of registration was related to proof of ownership of the van and was reasonably related to the investigation. Although requesting proof of insurance may not be directly related to illegal dumping, its inclusion with the requests for the other documentation is related to the general investigation into identification of defendant and ownership of the van thought to be involved in the crime.[1] *See State v. Wolfe,* 93 Or App 401, 404, 763 P2d 154 (1988), *rev den* 307 Or 303 (1989) (where defendant was stopped in his car on suspicion that he and passenger had committed burglaries, driver license and other identification information properly used to later obtain a search warrant for the defendant's person, residence and car). We conclude that Haines' inquiries did not exceed the proper scope of the investigation.

■ Further, the trial court's apparent belief that identification may only be requested in the context of a traffic stop is simply wrong. ORS 807.570, for example, authorizes an officer to request a person's driver license during the course of a *lawful stop.* That statute is not limited to traffic stops. *State v. Tourtillott,* 289 Or 845, 867, 618 P2d 423 (1980), *cert den* 451 US 972 (1981). In addition, during a lawful stop, an officer may ask to see vehicle registration. ORS 803.505; *State v. Bucholz,* 114 Or App 624, 627, 836 P2d 180 (1992). Also, a driver can be required to display proof of insurance upon demand. Or Laws 1993, ch 746, § 2.[2] There is no indication that the legislature intended that these document-production requirements apply only during traffic stops.

---

[1] In any event, the production of this document as part of Haines' request for the documents did not, in itself, lead to any incriminating evidence.

[2] This chapter is inserted, but not codified, at the end of ORS 806.010.

Defendant relies on *State v. Farley*, 308 Or 91, 775 P2d 835 (1989), and *State v. Dominguez-Martinez*, 321 Or 206, 895 P2d 306 (1995), to support his argument that Haines exceeded her authority in inquiring about his identification. Those cases, however, involve different circumstances and neither supports defendant's argument. The court held in *Farley* that an officer may not make a demand to see a driver license *after* the reason for the lawful stop has dissipated. *Id.* The court concluded in *Farley* that the officer, who stopped the defendant because the car that he was driving had no license plates, exceeded his authority by asking for identification *after* he knew that the car was properly registered. *Id.*

*Dominguez-Martinez* involved a situation where an officer's inquiry exceeded the bounds of the purpose for which the defendant was originally stopped. 321 Or at 212. In that case, the officer stopped the defendant for failure to signal lane changes. *Id.* at 208. After the officer told the defendant that he was not going to issue a citation and that he was free to go, the officer asked for consent to search the car for drugs, money and weapons. *Id.* at 208-09. At the time that the officer made the request for consent, however, the officer continued to detain the defendant by leaning on the open car door. The court concluded that the officer's continued detention of the defendant after the investigation related to the traffic infraction was complete was improper. *Id.* at 212. In contrast to both *Farley* and *Dominguez-Martinez*, here, the request for defendant's license and other documentation occurred *during the course of* the officer's legitimate investigation of the illegal dumping. The basis for the original stop had not ended. The officer's request for the documents came during the investigation regarding the illegal dumping and was "limited to the immediate circumstances that aroused the officer's suspicion." We conclude that Haines did not exceed the proper scope of inquiry under ORS 131.615 and that the trial court erred in suppressing the evidence.

Reversed and remanded.