Argued and submitted February 26, affirmed June 17, 1998

STATE OF OREGON,
*Respondent,*

*v.*

RANDY DEAN STRAWN,
*Appellant.*

(96-2811C; CA A95875)

963 P2d 34

Anne Morrison, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Riggs* and Wollheim,** Judges.

---

\* Riggs, J., *vice* Warren, J.

\*\* Wollheim, J., *vice* Haselton, J.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction on charges of carrying a concealed weapon, felon in possession of a restricted weapon and possession of a controlled substance. He contends that the trial court erred in failing to suppress evidence obtained during the course of a stop for suspicion of having committed a car burglary. We affirm.

Medford Police Officer Haeckler received a dispatch at approximately 2:30 a.m. reporting a possible car break-in. The suspects were described as two males, wearing dark jackets and carrying flashlights. At the time of the dispatch, Haeckler was a few blocks from the site of the possible break-in. He saw defendant bicycling towards him, without lights and wearing a dark jacket. When defendant saw Haeckler, he turned on a flashlight. Haeckler turned on his lights, got out of the car and hailed defendant. Haeckler asked defendant if he had any weapons, and defendant replied that he had a knife. Defendant reached toward his waistband, and Haeckler told him not to do that. Haeckler then lifted defendant's jacket and found several knives. Haeckler arrested defendant for carrying concealed weapons. As part of a search incident to the arrest, Haeckler discovered a pipe with marijuana residue.

Defendant moved to suppress the evidence of the knives and the marijuana pipe on the ground that Haeckler exceeded the permissible scope of the stop. The state replied that Haeckler reasonably was concerned for his safety and was entitled to ask defendant about possession of weapons on that ground. The state also argued that, because Haeckler had stopped defendant on suspicion of a car break-in, it was reasonable for him to have asked defendant about weapons under ORS 131.615 (1995), which permits reasonable inquiry related to the reason for the stop.[1] The trial court found that Haeckler reasonably was concerned for his safety and denied the motion.

---

[1] The statute since has been amended, but the amendments do not affect the outcome of this appeal.

■　On appeal, defendant contends that the trial court erred in finding that Haeckler reasonably was concerned for his safety. The state contends that the trial court was correct, but that, in any event, its decision is correct for the alternative reason that the questioning constituted reasonable inquiry under ORS 131.615. We do not address defendant's contention that the trial court erred in concluding that Haeckler reasonably was concerned for his safety, because we agree with the state that the trial court was correct for the alternative reason that it advances.

■　ORS 131.615 provides, in part:

"(1)　A peace officer who reasonably suspects that a person has committed or is about to commit a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry.

"* * * * *

"(3)　The inquiry shall be considered reasonable if it is limited to:

"(a)　The immediate circumstances that aroused the officer's suspicion[.]"

The purpose of the statute is to invalidate " 'random intervention into the liberty and privacy of a person' " by asking questions that have nothing to do with the circumstances leading to the stop. *State v. Carter/Dawson*, 34 Or App 21, 31, 578 P2d 790 (1978), *aff'd* 287 Or 479, 600 P2d 873 (1979) (quoting *State v. Evans*, 16 Or App 189, 197, 517 P2d 1225, *rev den* (1974)).

Our decision in *State v. Black*, 146 Or App 1, 932 P2d 554, *rev den* 325 Or 247 (1997), illustrates the latitude that officers are permitted under ORS 131.615(3). In that case, the defendant was stopped on suspicion of illegal dumping. The officer asked for identification, car registration and proof of insurance. Because of the defendant's conduct in the course of producing those documents, the officer arrested him for driving while intoxicated. The defendant moved to suppress evidence of that conduct, on the ground that the officer's request for identification, car registration and proof of insurance was not reasonably related to the circumstances of the stop, namely, suspicion of illegal dumping. The trial court

granted the motion, and we reversed. We held that, although the documentation requested was not related directly to the crime of illegal dumping, it nevertheless was permissible as reasonably related to the general investigation of the defendant and ownership of the van thought to be involved in the crime. *Id.* at 5.

Turning to this case, defendant does not contest that he was stopped lawfully for suspicion of having participated in a car break-in. The only issue is whether Haeckler's question whether defendant possessed any weapons was reasonably related to the possible car burglary. We conclude that it was. Car break-ins frequently are accomplished with weapons, that is, with baseball bats, crow bars, wrenches or gun butts. Given that defendant was suspected of having participated in a possible car break-in, it was reasonable for the officer to have asked whether defendant possessed any weapons. The relationship between weapons possession and the crime under suspicion is, if anything, more direct in this case than was so in *Black*. Haeckler's question certainly was not the sort of "random intervention" that ORS 131.615(3) was intended to prevent.

Affirmed.