JUSTICE HUNT
dissents.
¶24 The majority is correct in setting forth the standard of review of a trial court’s granting of a motion to suppress but incorrect in its application. The standard is whether the court’s findings of fact are clearly erroneous and whether these findings were correctly applied as a matter of law. The record shows that the findings of fact by the court are not clearly erroneous. It follows that the law was correctly applied, and the court’s order suppressing the State’s evidence on the *85 ground the arresting officer lacked a particularized suspicion to stop the respondent’s vehicle should be affirmed.
¶25 The respondent in this case was driving his vehicle in a perfectly legal manner and was not in violation of any of the laws of Montana. The arresting officer was unable to determine whether the vehicle was properly licensed and therefore made an investigatory stop. His duty at that point was to determine if the car was properly licensed.
¶26 The majority points out that a particularized suspicion does not require that the law enforcement officer be certain that an offense has been committed (citing State v. Morsette (1982), 201 Mont. 233, 240, 654 P.2d 503, 507). The difference is that a particularized suspicion did not exist in this case. Had the officer who made the investigatory stop completed his investigation when he was required to do so, he would have found that the vehicle was not in violation of any licensing requirement of the State of Montana and upon that finding should have known that there was no further reason for the stop.
¶27 The majority rejects the District Court’s reliance upon State v. Farley (Or. 1989), 775 P.2d 835, and People v. Redinger (Colo. 1995), 906 P.2d 81, on the grounds that § 46-5-402(4), MCA, make the District Court’s reliance on those cases misplaced. I disagree.
¶28 The District Court relied on Redinger. There, the Colorado Supreme Court affirmed a suppression order on an almost identical set of facts. An officer saw a vehicle traveling on the highway but did not see either a license plate or a temporary sticker in the rear of the vehicle. The officer determined the driver of the vehicle was in violation of the state’s motor vehicle laws and pulled the car over. As he walked toward the car he observed a valid temporary registration plate properly displayed in the rear window but he continued on and approached the driver and asked him to produce a license, registration and proof of insurance. As this occurred the officer observed a clear bag containing a powdery substance and the driver was eventually charged with possession of a controlled substance. The trial court held that when the officer realized his initial observation was erroneous, the purpose for the investigatory stop was satisfied and he no longer had any reason to detain and interrogate the driver. The Colorado Supreme Court agreed. Redinger, 906 P.2d. at 82.
¶29 The District Court also relied upon the Oregon case of Farley. The Oregon statute allowed a police officer to stop and detain a person for a suspected traffic infraction, for the purposes of investigation *86 reasonably related to the traffic infraction, identification, and issuance of citation. The officer stopped a vehicle which had no visible license plates. As the officer walked toward the car he saw a valid temporary vehicle permit on the window, making it permissible to operate the car without plates. The officer proceeded to ask the driver for a license, and then checked the license on a computer and cited the driver for driving while his license was suspended and driving without proof of insurance. The Oregon Supreme Court held that the officer had no authority to proceed with the traffic stop after he saw the temporary permit because his authority under the statute ended when he learned there had been no traffic infraction. Farley, 775 P.2d at 836.
¶30 The majority mistakenly claims that the officer in this case was in compliance with the Montana statute, § 45-5-401, MCA, because he did three things: he identified himself; he informed Henderson of the purpose of the stop; and he asked to see Henderson’s driver’s license, proof of insurance and registration. That is a misinterpretation of the statute because that statute requires that “a peace officer may stop a person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense.” No facts in this case support a particularized suspicion sufficient to make a stop.
¶31 I would affirm the District Court.