**Craig TUMBLIN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9908–CR–549.**

Court of Appeals of Indiana.

Oct. 11, 2000.

Timothy J. Burns, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

1. IND. CODE § 35–47–2–1.

## OPINION

ROBERTSON, Senior Judge

### STATEMENT OF THE CASE

Craig Tumblin ("Tumblin") appeals his conviction for Carrying a Handgun Without a License, a Class A Misdemeanor.[1] We reverse.

### ISSUE

Tumblin presents a single (restated) issue for our review: whether evidence obtained by police during a patdown search should have been suppressed as the result of an unlawful search.

### FACTS AND PROCEDURAL HISTORY

At approximately 3:00 p.m. on November 12, 1998, Officer Ron Trimble of the Indianapolis Police Department ("Officer Trimble") observed a speeding vehicle near the intersection of Emerson and 30th streets in Indianapolis. Neither the driver nor passenger (Tumblin) was wearing a seat belt. Officer Trimble stopped the vehicle and issued a verbal warning to the driver concerning the traffic infractions. He then inquired whether there were drugs or weapons in the vehicle. The driver responded in the negative and verbally assented to Officer Trimble's request to search the vehicle. Officer Trimble directed the driver and Tumblin to exit the vehicle and submit to a patdown search. The patdown search revealed a 45 caliber handgun on Tumblin's person. Tumblin failed to produce a license to carry the handgun, and was arrested and charged with Carrying a Handgun Without a License.

Tumblin filed a motion to suppress evidence produced as a result of the patdown search. The parties agreed that evidence on the motion to suppress would be presented concurrently with evidence in the bench trial. At the conclusion of the presentation of evidence, the motion to sup-

press was denied. Tumblin was convicted of Carrying a Handgun Without a License and this appeal ensued.

## STANDARD OF REVIEW

 The admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent a showing that the trial court abused its discretion. *Johnson v. State,* 710 N.E.2d 925, 927 (Ind.Ct.App.1999). Upon review of a trial court's ruling on a motion to suppress evidence, we will examine the evidence most favorable to the ruling, together with any uncontradicted evidence. *Callahan v. State,* 719 N.E.2d 430, 434 (Ind.Ct.App.1999). We will neither reweigh the evidence nor judge witness credibility. *Johnson,* 710 N.E.2d at 927.

 The protection against unreasonable search and seizure found in the Fourth Amendment to the United States Constitution has been extended to the states through the Fourteenth Amendment. *Berry v. State,* 704 N.E.2d 462, 464–65 (Ind.1998), citing *Mapp v. Ohio,* 367 U.S. 643, 650, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). For a search to be reasonable under the Fourth Amendment, a warrant is required unless an exception to the warrant requirement applies. *Id.* at 465. The State bears the burden of proving that a warrantless search falls within an exception to the warrant requirement. *State v. Farber,* 677 N.E.2d 1111, 1116 (Ind.Ct. App.1997), *trans. denied.* One recognized exception is where a police officer detains a person for investigative purposes. *L.A.F. v. State,* 698 N.E.2d 355 (Ind.Ct. App.1998), citing *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Under certain circumstances, such as when the officer has reason to believe that he is dealing with an armed and dangerous individual, the officer may conduct a limited frisk of the individual detained. *Id.*

## DISCUSSION AND DECISION

Officer Trimble, the sole witness at Tumblin's trial, testified as follows. He stopped the vehicle in which Tumblin was a passenger because of traffic infractions. During the traffic stop, Tumblin and the driver appeared nervous. Their hands were "fidgeting about." They spoke rapidly and failed to look Officer Trimble in the eye. The driver produced a valid driver's license and vehicle registration, and Officer Trimble elected to issue a verbal warning rather than a traffic citation. He testified that the vehicle occupants were "free to go" at that point, although he did not advise them accordingly. Officer Trimble asked the driver whether there were drugs or weapons in the vehicle and the driver stated that there were none. Officer Trimble then sought and received the driver's verbal assent to search the vehicle.

Tumblin concedes that the initial traffic stop of the vehicle in which he was a passenger was proper. *See Black v. State,* 621 N.E.2d 368, 370 (Ind.Ct.App.1993) (an officer may lawfully stop a vehicle after observing a minor traffic violation). However, Tumblin argues that Officer Trimble unreasonably detained the vehicle in violation of the Fourth Amendment when he inquired about drugs and weapons and solicited the driver's consent to search the vehicle although the initial purpose of the traffic stop had been satisfied. He further claims that Officer Trimble conducted a patdown search absent a reasonable belief that Tumblin was armed and dangerous.

 The State asserts that Tumblin lacks standing to challenge the constitutionality of the detention and search of a vehicle in which he was merely a passenger. *See Porter v. State,* 570 N.E.2d 1324, 1325 (Ind.Ct.App.1991) (a passenger in a vehicle at the time of a search does not have a legitimate expectation of privacy in that vehicle and thus does not have standing to challenge a search). However, the State did not challenge Tumblin's standing at the suppression hearing and trial and has thus waived the argument. *State v. Friedel,* 714 N.E.2d 1231, 1236 (Ind.Ct. App.1999). Where the prosecution has

failed to make any trial court challenge to standing, the government may not raise the issue for the first time on appeal. *Everroad v. State,* 590 N.E.2d 567, 569 (Ind.1992). Likewise, in resolving a claim of unlawful search and seizure, an appellate court should not invoke lack of standing *sua sponte. Id.* We will therefore examine the propriety of Officer Trimble's request to search the vehicle in conjunction with the ensuing patdown search of Tumblin's person.

▬ As the State points out, Officer Trimble testified that the driver of the vehicle in which Tumblin was a passenger verbally assented to the search of his vehicle. Generally, a consensual search is presumably not unreasonable. *Smith v. State,* 713 N.E.2d 338, 342 (Ind.Ct.App. 1999), *trans. denied.* However, voluntariness of consent to search is to be determined from the totality of the circumstances. *Id.* at 343. Tumblin argues that Officer Trimble's request to search the vehicle was contrary to law and thus, the driver's verbal assent was constitutionally defective.

The Indiana Supreme Court has not yet addressed the issue of whether a police officer may routinely question a person lawfully detained for a traffic violation about the presence of weapons. Other jurisdictions that have addressed this issue have analyzed under two different approaches: (1) officer safety rationale or (2) question reasonably related to the reason for the stop. *See Oregon v. Pope,* 150 Or.App. 457, 946 P.2d 1157 (1997), *review denied* (1998) (weapons inquiry justified by reasonable suspicion that motorcyclist posed a danger to officer); *State v. Roe,* 154 Or.App. 71, 74–75, 961 P.2d 228, 230 (1998) (weapons inquiry justified by reasonable suspicion based on specific and articulable facts that there existed an immediate safety threat); *State v. Strawn,* 154 Or.App. 460, 463–64, 963 P.2d 34, 36

(1998) (weapons inquiry reasonably related to the purpose of the stop, suspicion of automobile burglary); *People v. Ross,* 289 Ill.App.3d 1013, 224 Ill.Dec. 526, 682 N.E.2d 87, 90 (1997) (weapons inquiry based on reasonable suspicion of the presence of a gun when motorist produced a firearm owner identification card); *State v. Taylor,* 126 N.M. 569, 575, 973 P.2d 246, 252 (1998), *cert. denied,* 126 N.M. 534, 972 P.2d 353 (1999) (routine weapons inquiry – not related to purpose of the initial stop and not premised upon reasonable belief motorist was armed and dangerous—exceeded the permissible scope of a traffic stop).

▬ Accordingly, Officer Trimble was justified in the weapons inquiry, which led to the vehicle search and ultimately the patdown search, only if he reasonably believed that his safety was threatened or the inquiry was reasonably related to the basis of the initial stop.[2] As the initial stop was premised upon minor traffic infractions, our consideration focuses exclusively upon the safety justification.

▬ Law enforcement officers may, as a matter of course, order the driver and passengers to exit a lawfully stopped vehicle. *Tawdul v. State,* 720 N.E.2d 1211, 1214 (Ind.Ct.App.1999), *trans. denied,* citing *Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) and *Maryland v. Wilson,* 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997). Once a vehicle has been lawfully stopped, the additional intrusion of asking the driver and passengers to exit is "de minimis," essentially an "inconvenience." *Id.* This per se rule is not, however, equivalent to the right to forcibly detain a passenger for the entire duration of the traffic stop. In *Walls v. State,* 714 N.E.2d 1266 (Ind.Ct. App.1999), *trans. denied,* this court held that a police officer may not routinely order the passenger of a vehicle to remain at

**2.** The record is devoid of any explanation as to why Officer Trimble also specifically inquired about drugs.

the scene of a traffic stop. Such an intrusion upon the liberty of a private citizen who has been observed engaging in no illegal activity, and whose only transgression is his untimely presence in a vehicle that has been stopped for a minor traffic violation, is not de minimis. *Id.* at 1268. At most, the police officer possesses a limited right to briefly detain a passenger in order to make an initial assessment of the situation. *Tawdul,* 720 N.E.2d at 1217. If probable cause or reasonable suspicion develops during the assessment, the officer may be justified in detaining the individual longer to further investigate. *Id.*

■■■■■ A routine traffic stop is a relatively brief encounter, and generally the officer issuing a traffic citation faces a safety threat that is a good deal less than that present in the case of a custodial arrest. *Cannon v. State,* 722 N.E.2d 881, 883, (Ind.Ct.App.2000), *trans. denied,* citing *Knowles v. Iowa,* 525 U.S. 113, 119 S.Ct. 484, 487–88, 142 L.Ed.2d 492 (1998). While the concern for officer safety in this context may justify a "minimal" additional intrusion of ordering a driver and passengers out of a vehicle, it does not by itself justify a full field-type search. *Id.* In other words, while the Fourth Amendment to the United States Constitution permits a search incident to a custodial arrest, it does not permit a search incident to a traffic citation. *Id.* at 884.

■■■■■ Within the constitutionally permissible scope of a lawful traffic stop, Officer Trimble could have requested that the driver and passenger exit the vehicle while he issued a traffic citation. He elected not to do so. This is not to say that the vehicle occupants could then have been properly subjected to a patdown search. A generalized suspicion that an individual represents a threat to an officer's safety does not authorize a patdown search. *Jett v. State,* 716 N.E.2d 69, 70–71 (Ind.Ct.App. 1999). There must exist articulable facts to support an officer's reasonable belief that the particular individual is armed and

dangerous. *Id.* at 70, citing *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In determining whether an officer acted reasonably under the circumstances, we consider the specific, reasonable inferences that the officer is entitled to draw from the facts in light of his experience. *Id.*

■■■■■ An officer is justified in detaining an individual beyond the parameters of a routine traffic stop when the officer learns that there exists an outstanding warrant for the individual's arrest. *Young v. State,* 564 N.E.2d 968, 969 (Ind.Ct.App. 1991), *trans. denied.* Additionally, an officer's knowledge that an individual carries a weapon or has previously been arrested on a weapons charge is sufficient to justify a patdown search. *Id.* at 970. The behavior of an individual during a traffic stop, e.g., acting in an aggressive or hostile manner, may cause an officer to reasonably fear that his safety is compromised. *Zelmer v. State,* 177 Ind.App. 636, 639, 380 N.E.2d 618, 620 (1978).

The record herein does not disclose specific facts that caused Officer Trimble to entertain a reasonable fear for his safety in issuing a citation or making an arrest. To the contrary, the record establishes that Officer Trimble fully concluded the routine traffic stop without any indication of illegal activity beyond traffic infractions. He admitted that the purpose of his initial stop had been completed and the vehicle occupants were "free to go" before he inquired as to drugs or weapons. Officer Trimble's testimony did not indicate that either the driver or Tumblin evinced hostility or threatened him in any way, or that their "fidgeting" included furtive hand movements toward any area where a weapon could have been secreted.

■■■■ A vague and general characterization of demeanor, such as "nervousness," does not rise to the level of reasonable suspicion. *Cannon,* 722 N.E.2d at 884. This court has previously held that an individual's turning away from a police

officer does not establish a reasonable suspicion of criminal activity. *Tumblin v. State*, 664 N.E.2d 783, 785 (Ind.Ct.App. 1996). Likewise, averting one's eyes from the gaze of a police officer does not do so.

■ Officer Trimble's testimony at most indicated his general suspicion that a patdown search of Tumblin would yield incriminating evidence:

Q: Okay. Now – and, of course, at the time that you – you uh – saw Mr. Tumblin, you did not know him as a person who had a warrant or anything like that; right?

A: That's correct.

Q: Yeah. I mean he wasn't a person that you knew carried guns or anything like that or was a dangerous individual; is that right?

A: Not to my knowledge, no . . . .

Q: Okay. Well, actually, the truth is, Officer, isn't it, that when you decided to pat these two young men down, you were looking for something, weren't you, like drugs or something, weren't you?

A: That's usually the point.

Record at 244–46. A "general exploratory search" violates the Fourth Amendment. *Smith*, 713 N.E.2d at 344.

We conclude that Tumblin and the vehicle in which he was a passenger were unlawfully detained beyond the parameters of a routine traffic stop. The ensuing search and seizure were constitutionally infirm. Tumblin's conviction, based on evidence obtained through an unlawful search, cannot stand.

Reversed.

NAJAM, J., and FRIEDLANDER, J., concur.