**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Mar 25 2013, 8:23 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SCOTT KING**
Scott King Group
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAIME A. HERRERA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1208-PC-440 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
The Honorable Kathleen A. Sullivan, Magistrate
Cause No. 45G02-1110-PC-6

**March 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jaime Herrera appeals the denial of his petition for post-conviction relief. He argues his appellate counsel was ineffective because counsel did not challenge the order his sentences be served consecutively. We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts of Herrera's conviction of conspiracy to commit murder are outlined in our decision on direct appeal:

> The evidence most favorable to the verdict reveals that Herrera was incarcerated in jail awaiting trial on a charge of Murder. Due to the nature of the charged offense, Herrera could not be released to bail. While in jail, Herrera discussed the pending murder charge with another inmate ("Co-conspirator"). Herrera told Co-conspirator that he had bragged about committing the murder to three of his former co-workers. These co-workers had then been listed as witnesses for the State in the prosecution against Herrera.
>
> Herrera hired Co-conspirator to murder the three witnesses, agreeing to pay him $5,000.00. Herrera wrote out numerous pages for Co-conspirator describing the three witnesses, where they lived, where they worked, and what kind of cars they drove. Co-conspirator mailed these papers from the jail to his home and ultimately turned them over to the police. Based on Herrera's requests, Herrera's friends and relatives provided Co-conspirator with $5,000.00.

*Herrera v. State*, 710 N.E.2d 931, 933 (Ind. Ct. App. 1999) (citations omitted). The trial court sentenced Herrera to forty years incarcerated for conspiracy to commit murder, to be served consecutively to his previously-imposed fifty-five year sentence for murder.

On October 4, 2011, Herrera filed a petition for post-conviction relief, alleging the trial court committed fundamental error when it ordered consecutive sentences and his appellate counsel was ineffective because counsel did not raise that issue in his direct appeal. The trial court held a hearing on the matter and then denied Herrera's petition.

**DISCUSSION AND DECISION**

Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id*. A party appealing a post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id*. Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation and citation omitted).

We review claims of ineffective assistance of appellate counsel using the same standard applicable to claims of trial counsel ineffectiveness. *Fisher v. State*, 810 N.E.2d 674, 676-77 (Ind. 2004). The defendant must show that appellate counsel was deficient in his performance and that the deficiency resulted in prejudice. *Id*. at 677. A claim of ineffective appellate assistance generally falls into one of three categories: (1) denial of access to an appeal; (2) waiver of issues; or (3) failure to present issues well. *Id*. We employ a two-part test to evaluate "waiver of issue" claims: (1) whether the unraised issues are significant and obvious from the face of the record, and (2) whether the unraised issues are

3

"clearly stronger" than the raised issues. *Id.*

Because counsel has considerable discretion in choosing strategy and tactics, we presume counsel's assistance was adequate and all significant decisions were made in the exercise of reasonable professional judgment. *State v. Miller*, 771 N.E.2d 1284, 1288 (Ind. Ct. App. 2002). One of the most important strategic decisions is deciding what issues to raise on appeal. *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1998), *reh'g denied*. Appellate counsel is not ineffective for declining to present a claim that would have been meritless. *Stowers v. State*, 657 N.E.2d 194, 200 (Ind. Ct. App. 1995), *trans. denied*.

Herrera contends his appellate counsel should have argued the trial court did not have statutory authority to order consecutive sentences. Because the sentencing statute in effect when Herrera committed conspiracy to commit murder required consecutive sentences, we disagree.

The sentencing law in effect when a crime is committed governs the sentence imposed. *Harris v. State*, 897 N.E.2d 927, 928-29 (Ind. 2008). On June 24, 1994, when Herrera committed murder, the relevant portion of the statute regarding consecutive sentences stated:

> If, after being arrested for one (1) crime, a person commits another crime:
> > (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
> > (2) while the person is released:
> > > (A) upon the person's own recognizance; or
> > > (B) on bond;
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

4

Ind. Code § 35-50-1-2(b) (1987).  On March 29, 1995, when Herrera committed conspiracy

to commit murder, the relevant portion of the statute regarding consecutive sentences had not

changed:

> If, after being arrested for one (1) crime, a person commits another crime:
>> (1) before the date the person is discharged from probation, parole, or a
>> term of imprisonment imposed for the first crime; or
>> (2) while the person is released:
>>> (A) upon the person's own recognizance; or
>>> (B) on bond;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind. Code § 35-50-1-2(b) (1994).  Thus, the sentencing statute in effect at the time Herrera

committed conspiracy commit murder REQUIRED the trial court to impose consecutive

sentences.  *See Petruso v. State*, 441 N.E.2d 446, 450 (Ind. 1982), ("Consecutive sentences

must be ordered if a person commits a crime after having been arrested for another crime and

before the date he is discharged from probation, parole, or a term of imprisonment imposed

for that other crime.").  Because Herrera's proposed sentencing challenge was meritless, he

has not demonstrated his appellate counsel was ineffective.  *See Stowers*, 657 N.E.2d at 200

(appellate counsel not deficient when he did not present meritless issue on appeal).  We

accordingly affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.